## COOK & KORNEGAY v. DYER.

1. The statutes against usury were intended for the benefit of the borrower; they confer a personal privilege on him, which he may waive, and if he does, no one else can take advantage of them.
2. D held a deed of trust of C, on land and slaves, more than sufficient to satisfy a debt due from C, but consisting entirely of usurious interest. C & K had also a deed of trust on the same property, to secure to them a debt due from C, but subsequent in point of time to the deed of D. By an arrangement entered into by all the parties, C & K accepted a bill of exchange drawn on them by C in favor of D, on condition that D should enter satisfaction on the record of his deed of trust, which he accordingly did; and C & K sold the property conveyed thereby, and appropriated it to the payment, in part, of their debt due from C—Held, that in a suit by D against C & K, on their acceptance, they could not set up the usury in the transaction between D & C, to defeat the action.

Error to the County Court of Tuskaloosa.

THIS was an action of assumpsit in the Court below, by the defendant against the plaintiffs in error, on an accepted bill of exchange, for two thousand eight hundred and sixty-four dollars and sixteen cents. The parties went to trial on issues taken on the pleas of *non assumpsit*, payment, set off and usury.

Upon the trial, as appears from a bill of exceptions, the de-

fendants, to sustain the plea of usury, proved that the plaintiff had a large claim on one John C. Cabiness, secured by a deed of trust on land and slaves, and on the day the bill here sued on was drawn and accepted, a settlement took place between Cabiness and Dyer, when the former fell in debt to the latter, the amount of the bill; that the defendants also had a large claim against Cabiness, secured also by a deed of trust on the same land and slaves conveyed to secure the debt to Dyer, but this latter deed was junior, in point of time, to his. That it was arranged and agreed between all the parties, that the defendants should accept the bill sued on, and that Dyer should enter satisfaction of his deed of trust in the clerk's office, and upon his doing so, the defendants accepted the bill, the acknowledgment of satisfaction of his deed of trust, being the inducement to the acceptance. The property contained in the deed of trust, was more than sufficient to pay Dyer's debt, and came to the possession of the defendants, and was sold by them. It further appeared, that the debt, both of plaintiff and defendants, due from Cabiness, were usurious, and that the whole amount due from Cabiness to Dyer, on settlement, and for which the bill was drawn, consisted of unlawful interest, the principal having been all paid; but that Cabiness claimed no abatement from either party, on account of usury, but desired to settle the full amount of both debts.

Upon this testimony, the defendants asked the Court to charge the jury, that if they believed from the evidence, that the whole amount of said bill was for usury, at the rate of four per cent. per month, and that it was accepted by defendants for the accommodation of Cabiness, that then the plaintiff cannot recover in this action, which charge the Court gave, and further charged the jury, that if the acceptance was given in consideration that Dyer would enter satisfaction on his deed of trust on the property of Cabiness, that then defendants could not set up usury as a defence to this action. The Court charged further, that usury was a personal privilege, and that defendants could not take advantage of the usury between Dyer and Cabiness, in this action, unless the acceptance was an accommodation acceptance. To all which the defendants excepted.

The jury found a verdict for the plaintiff, and judgment be-

Cook & Kornegay *v.* Dyer.

ing rendered thereon, this writ of error is prosecuted to reverse it.

The assignments of error are the charges given by the Court as set out in the bill of exceptions.

PECK & CLARKE, for plaintiffs in error, contended, that as the bill was drawn and accepted for a debt, consisting entirely of usurious interest, that no recovery could be had upon it.— That the taking of usurious interest was an indictable offence, and that no Court could sanction a recovery, when the receipt of the money would subject the party receiving it, to a criminal prosecution. They cited 2 Peters, 538.

HOPKINS, contra, insisted that the plaintiffs in error were not in a condition to raise the question of usury; that as between the parties to this suit, the consideration of the bill was lawful. That usury was a personal privilege, and as Cabiness waived the defence, no one else could make it. In support of these views, he cited 9 Mass. 45; 4 Esp. Rep. 11; 10 Johns. 204; 1 Bul. N. P. 224: 4 Dana, 181; Hardin's Rep. 82; 7 Peters, 111; 8 Term, 390; 5 Reports, 119, Whelpdale's case; 3 Reports, 436.

ORMOND, J.—The statutes of this State prohibit usury, and declare that the security by which it is reserved, shall be void for the entire interest, and that the principal only shall be recoverable. Aik. Dig. 655. A previous act authorised a *qui tam* action to recover both principal and interest, where usury had been taken, unless the borrower was the informer, when the whole amount went into the treasury. The same statute authorized and required the grand jury to present all persons guilty of usury, and if found guilty, they were to be fined in the amount lent or taken, contrary to the provisions of the act. Aik. Dig. 437.

It will be perceived from this statement of the statutes, that although the law against usury, has been greatly modified by the act first cited, making void the security by which illegal interest is reserved for the interest only, it is still a highly penal offence. In this case, however, we are to consider whether this contract evidenced by the bill sued on, and which is said to be composed entirely of illegal interest, is void, as between

these parties. The statute making void, not only the contract, but the security itself, by which illegal interest was reserved, was doubtless intended for the benefit of the borrower, he may, if he thinks proper, refuse to take the benefit it proffers to him, and pay the debt, and if he does, no one else can take advantage of it.

If the bill in this case had no connection whatever with the usurious transactions between Cabiness and the defendant, and the former had transferred it to the latter, in payment of a debt, consisting wholly of usury. no proposition can be clearer than that the acceptors could not avoid the payment on the ground that it was indorsed on a usurious consideration. Suppose further, that Cabiness had given the plaintiffs in error the money to pay this usurious debt, and that they had discharged it by accepting this bill, there would be no pretence for resisting the payment on the ground of usury. and yet that is in effect this case, unless a distinction can be shown between receiving property, which is afterwards converted into money, and receiving money in the first instance.

The cases cited by the counsel for the defendant in error, indeed, go much further than this, and establish the proposition, that where the suit is not brought on the instrument itself, by which the usury was reserved, but on one substituted for it to an innocent holder, that the defence cannot be made—that is the effect of the case cited from 8 Term Rep. 390. The case cited from 4 Dana, 181, is in principle, like this. There, a note secured by a deed of trust, was assigned on a usurious consideration, and a third person to gain a precedence for his own debt, secured by the same deed, endeavored to avoid the note for the usury in the transfer; but the Court refused to permit this to be done, on the ground that the statutes against usury were designed for the protection of the borrower, and that if he refused to avail himself of them, no one else could. See, also, the case of Nichols v. Fearson, 7 Peters, 111.

The case of Bearce v. Barstow, 9 Mass. Rep. 45, was a case in all respects like this, except that the defendant, instead of receiving property when he executed the note to pay the usurious debt of another, was indebted to the person whose usurious debt he thus became bound for. The Court held that the defence could not be made. The Court say it is nothing to the

defendant, to what use or purpose his creditor has disposed of the demand against him, which is liable to no objection of usury, and which being due from him, has been legally transferred, and made the consideration of the note in suit.

The case is as fully in point as the reasoning is conclusive of this case.

It is, however, supposed, that as the statute makes the offence of taking usury indictable, and as therefore the defendant in error upon the receipt of this money, would be liable to a criminal proceeding, that no Court will aid in its recovery.

If the question of usury could be tried in this case, there can be no doubt that the reasons stated would be conclusive against a recovery—but as there was no usurious contract between these parties, nor illegal interest reserved on the bill of exchange, and as it is not pretended that the transaction is a shift or device to evade the statute, the question cannot be presented to the Court. It is a matter *inter alios acta*, with which the present defendants have no concern, and cannot be permitted to volunteer a defence to the action which, the party interested declines making. The money in their hands for the payment of this bill, is the money of Cabiness, paid to them for this particular purpose; it is in effect therefore, the same as if it had been paid to the defendant in error. If, therefore, this defence were allowed, it would be permitting the plaintiffs in error to do indirectly what they could not do directly, as it is certain they have no right to the money, and it appears that Cabiness does not wish to avail himself of the protection afforded him by the statute.

A still more conclusive reason, if possible, will be found in the fact that the plaintiffs in error obtained possession of this fund, upon their promise to pay this debt, and to allow them now to withhold the payment, and retain the fund, would be to sanction the commission of a fraud.

Upon every view which we can take of this case, the judgment of the Court below is correct, and is therefore affirmed.