BASKINS ET AL. vs. CALHOUN, ADM'R.

[FRAUDULENT CONVEYANCE, USURY, JUDGMENT, CHANCERY.]

1. *Mortgage; when not fraudulent for usury.*—A mortgage is not fraudulent on account of usury in the debt intended to be secured, when the usury is not so excessive as to render the debt a simulated one.

2. *Defense of usury; who can not take advantage of.*—Usury is a personal defense, and can not be taken advantage of by a judgment creditor of the borrower.

3. *Judgment; when not a lien.*—A judgment rendered in 1866 is not a lien upon lands which were sold after its rendition, but before an execution was delivered to the sheriff of the county in which they were situated.

4. *Chancery court; power of, to reform mortgage.*—The chancery court may reform a mortgage against a judgment creditor who has notice of the mistake before a sale under his execution.

APPEAL from Chancery Court of Bullock.
Heard before Hon. B. B. McCRAW.

THE facts are sufficiently stated in the opinion.

C. J. L. CUNNINGHAM, and WALKER, MURPHEY & WINTER, for the appellants.—1. Judgment rendered on the 14th of March, 1866, is not a lien on land. The act of the 10th of December, 1861, which first gave to judgments the effect of liens, was repealed by the first section of the act of 8th of December, 1863. This latter act provided for liens, but it was repealed by the act of the 23d of February, 1866.

2. The defense of usury is personal to the debtor, and cannot be set up by any other person.—*Harbinson v. Harrell*, 19 Ala. 753; *Fenno v. Sayre & Converse*, 3 Ala. 458; *Cain v. Gimon*, 36 Ala. 174. A mortgage for an usurious debt is not void as to creditors and purchasers.—See the authorities above cited.

3. Ann Jane Baskins having purchased, paid for, and gone into possession of the land, and holding uninterrupted possession of it, had a complete title before the conveyance to her by John C. Baskins. Having a complete equitable

title, she obtained the legal title by conveyance from John C. Baskins, and was in condition to avail herself of both the maxims, *in equali jure potior est conditio possidentis,* and *qui prior est in tempore, potior est in jure";* and John C. Baskins, in conveying to Ann Jane Baskins, only did what a court of equity would have compelled him to do, and his act must therefore be deemed to have been well done.

4. The mistake in the mortgage was susceptible of correction at any time before notice to the execution creditors, or a sale under execution.— *Williams v. Hatch,* 38 Ala. 341.

5. John C. Baskins owed Ann Jane Baskins ten thousand dollars, and this was a valuable consideration sufficient to relieve the conveyance by the former to the latter from the badge of fraud alleged against it.

6. The court obviously erred in rendering a final decree after the bankruptcy of John C. Baskins, without making his assignee a party.—Bankrupt Act, §§ 14, 21.

STONE, CLOPTON & CLANTON, *contra.*—1. A mortgage not recorded, by the statutes of Alabama, is void as to creditors, without notice.

2. A mortgage is not a valid security as to usury.—*Pearson v. Bailey,* 23 Ala. 542.

3. The five hundred dollars to be paid on failure of prompt payment is a penalty, and not recoverable.—*Dinsmore v. Heard,* —— 126 ; *Plummer v. McKean,* 2 Stearne, 423 ; *Watts v. Shepherd,* 2 Ala. 425. The right of the creditors was, under this contract, to relieve the property of the incumbrance of one thousand dollars and legal interest, or, at most, the two and one-half per cent., or to sell the equity of redemption.

4. Hence, we insist that the mortgage is void, because— 1st, Its effect is to mislead and deceive creditors. 2d, It does not give reasonable notice of the nature and amount of the indebtedness, so that a creditor may learn therefrom what his interests demand. 3d, It is not so designed as to prevent the substitution of a simulated debt, or some device to defraud creditors. 4th, It violates the policy of the registration laws. The mortgage cannot stand as se-

curity for the reimbursement of the one thousand dollars. *Wiley, Banks & Co. v. Knight,* 27 Ala. 336.

5. The mortgage is not only fraudulent in law, but in fact, as the facts and circumstances show.

B. F. SAFFOLD, J.—The appellee recovered a judgment against the appellant, John C. Baskins, in the circuit court of Pike county, on the 14th of March, 1866. He claims, by his bill in equity, to subject to the payment of his judgment certain lands which his debtor conveyed by mortgage to Joel H. Rainer, on the 25th of May, 1866, and to Anne Jane Baskins on the 25th of July, 1866. He does not expressly aver that his judgment is a prior lien upon these lands, but alleges that the conveyances are a cloud upon the title which would impair their sale under execution. He also charges that the deeds are fraudulent, and were intended to hinder and delay creditors, and especially himself.

The consideration of the mortgage to Rainer was one thousand dollars borrowed, for which Baskins gave a note for fifteen hundred dollars, payable in September, 1866, and bearing date with the mortgage intended to secure it. This is the badge of fraud attaching to this transaction. It is very evident that an unconscionable amount of usury is involved. But is it so excessive as to be evidence of a mere assimilated debt? There is no doubt, from the proof, that Rainer lent the money, and that he knew Baskins to bp in embarrassed pecuniary circumstances. The quantity of land conveyed, however, was not disproportioned to the sum of money actually loaned, especially in view of an equitable claim of Anne Jane Baskins upon a considerable portion of it. Mere usury alone does not vitiate a contract. In *Harbinson v. Harrell,* 19 Ala. 753, a case not unlike this, Judge Chilton said, if the question were open in this State, the court would be inclined to hold that the mortgage would be without consideration as to the unlawful interest, and to consider the actual amount borrowed, with the interest thereon, as constituting the amount to be retained by the mortgagees out of the proceeds of the mortgaged estate. But previous decisions too firmly estab-

lished the doctrine that the statutes against usury conferred a personal privilege which the borrower might waive, and no one else could take advantage of.—*Cook & Kornegay v. Dyer*, 3 Ala. 643 ; *Sayre & Converse v. Fenno*, 8 Ala. 458 ; *Cain v. Gimon*, 36 Ala. 168. We do not think the charge of fraud is sustained in this instance.

The conveyance to Anne J. Baskins was made under the following circumstances : In 1864, John C. Baskins, the uncle of Anne, and with whom she lived, obtained from her ten thousand dollars, belonging to or claimed by her and her brother; and in consideration of this money, agreed to convey to her the lands on which they resided, about three hundred and fifty acres, and some personal property of no great value. This is the land described in the deed of July, 1863. How Anne became possessed of this money, is contained in a part of the testimony which was stricken out. It is sufficient to say that it does not affect the merits of the case. Her brother gave her his interest in it, and afterward died leaving her his heir. These facts evince no impure disposition ; but, on the contrary, in the absence of contradictory testimony, exclude all supposition of fraud. What equity will enjoin upon a party, he may do of his own volition.

That the judgment of the complainant is not a lien upon the lands in controversy—they were conveyed before the delivery of an execution to the sheriff of Montgomery county—is decided in *Martin v. Hewitt*, June term, 1870, and Pamph.'Acts 1868, p. 266, even if it were not prevented by the prior right of Anne J. Baskins in respect to her land.

It is within the authority of the chancery court to reform the mortgage, on account of the imperfect description of the land, against the judgment creditor who has notice of the mistake, before a sale under his execution.— *Williams v. Hatch*, 38 Ala. 338.

The judgment is reversed and the cause remanded, that it may be disposed of as indicated in this opinion.

NOTE BY THE REPORTER.—Afterwards the following re-

sponse was made to an application for rehearing by the appellee, by—

B. F. SAFFOLD, J.—We are asked to reverse the decision in this case, on the ground that the mortgage given by Baskins to Rainer to secure the payment of a note for $1,500, was accompanied by a parol agreement between them that the debt might be extinguished by the payment of a less sum. Baskins borrowed $1,000 from Rainer, and agreed to pay him 2½ per cent. interest upon it. If he failed to pay the principal and interest at the maturity of the note given, which was about eight months from the date of the transaction, then he was to pay the amount specified in the note. The excess over the principal and interest was a penalty. Is the mere fact that a mortgage is given to secure a note for a certain sum of money, payable absolutely, which contains in it a penalty for default in the payment of the amount really due, with interest, a conclusive badge of fraud? The statute says there must exist an intention to hinder, delay, or defraud creditors, &c.—Rev. Code, 1865.

This mortgage was made to secure the payment of money borrowed at the time. Nothing was to be held by the grantee in trust for the grantor after the law day, which was not remote, except the penalty. If that had been indicated in the mortgage, it would have precluded the supposition of intentional fraud. Where a person executed an absolute conveyance to another, with a parol agreement that it should only operate as a mortgage, it was held fraudulent, because a debtor could thereby conceal his property under the possession and apparent ownership of another.—*Bryant v. Young*, 21 Ala. 264. The distinction between a penalty and liquidated damages is often so obscure that it may not be discovered by the parties to an agreement. In *Kemble v. Farren*, 6 Bing. Rep. 141, the agreement contained a clause, that if either party made default in any particular, such party should pay to the other one thousand pounds, and this should be liquidated damages, and not a penalty, or in the nature thereof. It was held to be a penalty. In this case, there could have been no intention of fraud, but the recovery was confined

to the real damages sustained by the breach of the agreement.

In the present case, the property mortgaged was not disproportioned to the sum of money actually loaned. The conveyance was a mortgage, and not an absolute deed, and the amount due upon it could be almost as readily ascertained as where payments had been made on the debt, as the law day was not distant.

A rehearing is denied.