# Johnson *v.* Southern Building & Loan Association.

## *Bill in Equity to Cancel Mortgage.*

1. *Usury a personal plea.*—The right to complain of usury is personal to the borrower and his personal representatives, and to the heir when the debt may diminish the inheritance; it does not belong to a transferee of the property embraced in a mortgage given to secure the mortgage debt.

2. *When letter from agent no contract.*—A letter from an agent of a building and loan association in response to a request from a stockholder as to the time a certificate held by him will mature, purporting merely to give information and making certain statements as to the purpose of the association is not a contract; it confers no rights and creates no obligation.

3. *Mortgage; when right of redemption does not exist.*—The right of redemption of a mortgage given by a shareholder of a building and loan association to secure a loan made by the association does not exist until the law day of the mortgage has arrived, or until the option given the mortgagee to foreclose it for non-compliance with its terms is being exercised,

APPEAL from the City Court of Gadsden.

Heard before the Hon. JOHN H. DISQUE.

The bill in this case was filed by Thos. L. Johnston and alleged that G. W. Tarwater on a certain day executed to him a warranty deed to certain land; that prior thereto Tarwater had purchased shares in the Southern Building & Loan Association and had borrowed money of the Association and had executed a mortgage to secure the loan on the land described in the deed; that these shares were transferred to the complainant, after certain payments had been made; that complainant applied to the association to ascertain when the stock would mature and was informed by the agent of the company that if he would pay premium for a certain number of months such payments would cease; that payments on account of the said stock had been made for a longer period than the time specified and yet the asso-

ciation refused to suspend payment. The prayer is for an accounting and settlement and cancellation of the mortgage. Demurrer to the bill was sustained and from the decree sustaining the demurrer this appeal is taken. This court affirmed the case but in response to a motion for rehearing rendered the second of the following opinions.

GEO. D. MORLEY, for appellant.—The contract is usurious.—*Fall v. U. S. B. & L. Ass'n.* (2). The letter of the agent of the appellee is the contract because the original contract can be changed by parol.—3 Bric. p. 417; *Coleman v. Siler,* 74 Ala. 435; *Mobile Life Ins. Co. v. Pruett,* 74 Ala. 487.

LAWRENCE COOPER and A. E. GOODHUE, *contra.*—The payment of thirty-five cents per share is on the shares not on the mortgage debt.—*Southern Ass'n v. Anniston Co.* 101 Ala. 582; Enlich B. & L. Ass'ns, Sec. 477; *N. Am. Ass'n v. Sutton,* 35 Pa. St. 463; *Robertson v. Homestead Co.,* 69 Am. Dec. 163; *Dakota Co. v. Logan,* 33 S. W. Rep. 1088; *Post v. Mechanics Ass'n,* 37 S. W. Rep. 216; *Pioneer Co. v. Brockett,* 57 Ill. 204; *Randall v. National Ass'n,* 29 L. R. A. 123; *Price v. Kendall,* 36 S. W. Rep. 610; *Blakey v. El Paso,* 26 S. W. Rep. 592; *Tilley v. Am. Co.,* 52 Fed Rep. 618. (2). Usury cannot be pleaded by transferee.—*Moses v. Home B. & L. Ass'n,* 100 Ala. 465; *Speakman v. Oaks,* 97 Ala. 503; *Hill v. Alliance Bldg. Co.,* 60 N. W. Rep. 562; *McGuire v. Van Pett,* 55 Ala. 344; *Cain v. Gimon,* 36 Ala. 468. *York Nat'l B. & L. Ass'n,* at present term.

SHARPE, J.—The principles which must control this case were considered and settled adversely to the appellant in the case of *Sheldon v. The Birmingham Building & Loan Association,* decided by this court at its present term and upon the authority of that case the decree appealed from in this case will be affirmed at appellant's cost.

In response to the application for rehearing.
SHARPE, J.—The original contract here involved being between Tarwater and the defendant association and

the complainant's relation to it being only such as arises from Tarwater's transfer to him of his stock and of the mortgaged property, he is not in a situation to raise the question as to whether the contract was usurious. The right to complain of usury is personal to the borrower and his personal representatives and to his heir when the debt may diminish the inheritance.—*Eslava v. New York Nat'l B. & L. Ass'n*, at present term.

The letter of Cruse the agent of the association to Smith referred to in the bill as an agreement on the part of the association, purports merely to give information as to the condition of complainant's stock and the debt held against Tarwater. It bears no semblance of a contract between the complainant and the defendant, lacking both promise and consideration. No rights are conferred and no obligations are created by it. If it be true that the association has resolved to collect dues on account of stock for only seventy-two months, such resolution did not change existing contracts. Nor does it appear how the plan of discontinuing stock payments if carried out would lessen the amount to be paid on the mortgage since as stated by the letter in question that the interest and premium payments are to continue until the maturity of the stock. That event discharges the mortgage and determines the amount to be paid. It occurs by the terms of the mortgage when "the amount in the loan fund to the credit of his shares from monthly payments and profits equals fifty dollars for each share on which the loan is made."

The fund which is to mature the shares must be fed, and if not supplied from payments on stock it must be from other charges. Therefore, to have stopped collections on stock would only have prolonged the time for maturing the stock and extinguishing the mortgage. The right of redemption does not exist until the law day of the mortgage has arrived or until the option given the mortgagee to foreclose it for non-compliance with its terms is being exercised.—*Sheldon v. Birmingham B. & L. Ass'n*, 121 Ala. 278. It was upon this principle that the decree appealed from was affirmed. The rehearing will be denied.