FRANCES M. KING AND OTHERS *Appellants*, v. ERASTUS A. BARNARD, *Appellee*.

### Opinion Filed November 4, 1913.

1. A defendant having incorporated in one pleading an answer and a cross-bill, the cause set down upon bill and answer, and a decree rendered thereon for the complainant, the cross-bill being ignored, the court may refuse to strike a *lis pendens* thereafter filed upon the cross-bill.

2. When the original complainant asks affirmative relief upon the erroneous conception that the cross-bill is not properly before the court, such action on his part may be treated as an appearance.

Appealed from Circuit Court, Pinellas County; F. M. Robles, Judge.

Order affirmed.

*McMullen & McMullen*, for Appellants;

*Herman Merrell*, for Appellee.

COCKRELL, J.—To a bill filed to quiet title, Barnard, the appellee here, interposed an answer, and also immediately following the answer in the same pleading a cross-bill with much the same allegations as in the answer, praying affirmative relief and process. The complainants in the original bill promptly set the cause down upon bill and answer, and obtained a decree, in which no reference was made to the cross-bill. Barnard then had recorded in the Clerk's office a *lis pendens* upon his cross-bill. The complainants thereupon moved the court to strike the *lis pendens*, treating it as a pleading on file.

The court refused to strike the *lis pendens* and ordered the complainants to plead to the cross-bill, from which order this appeal is taken.

Assuming that it is an irregularity to combine in one pleading an answer and a cross-bill, we do not understand that the vice is so great as to render the cross-bill a nullity, and to be ignored; the pleader ran the risk of having his pleading as a whole treated summarily perhaps, but the other party could not by his own *ipse dixit*, recognize the one and ignore the other, and thereby place the latter beyond the pale of the court. The pleader has still the right to a ruling by the trial court upon his pleading, and in a form to be reviewed by the appellate court; and on this record the Circuit Court has correctly found that as to the cross-bill there had never been a hearing or disposition; it was still pending and the *lis pendens* was properly on the record. We do not mean to decide that the lis pendens notice recorded in the Clerk's office, is in the proper meaning of the word, a pleading in a cause, though it seems to be so considered by the parties now before us.

Despite the form of the motion to strike the *lis pendens* notice, the theory of it is that the cross-bill is not properly a pleading before the court; the whole contest revolved around this point, and so we find no error in the treatment of the motion as a general appearance to the cross-bill.

Order affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.