ERASTUS A. BARNARD, *Appellant,* v. FRANCIS M. KING, *et al., Appellees.*

Opinion Filed December 1, 1914.

Where one pleading in equity is filed as answer and cross bill, and the matters involved are adjudicated at a hearing on bill and answer and no appeal is taken, there is no harmful error in striking the cross bill feature of the pleading, or in refusing leave to file an amended cross bill setting up matters not materially different from those that have become *res adjudicata.*

Appeal from Circuit Court for Pinellas County; F. M. Robles, Judge.

Order affirmed.

*Herman Merrell,* for Appellant;

*McMullen & McMullen,* for Appellees.

WHITFIELD, J.—A bill in equity was filed to have cancelled a stated deficiency decree as a cloud upon title to real estate alleged to be the homestead of a decedent, whose widow and heirs were complainants. An answer and cross-bill in one instrument was filed in which it is alleged that the property to which the title sought to be quieted is not in whole, if it is in part, a homestead, and that a portion of the land at least is subject to the lien of the decree. The cross-bill feature of the instrument filed as an answer and cross-bill seeks to affirmatively subject the land not found to be a homestead to the lien of the deficiency decree. The cause was heard on bill and answer, and the deficiency decree was by decree "declared null and void as a cloud upon the title of the complain-

ants to the above described lots." This latter decree was not appealed from. An order denying a motion to strike a *lis pendens* filed upon the cross-bill was affirmed here. King v. Barnard, 66 Fla. 252, 63 South. Rep. 429. Subsequently the trial court on motion struck the cross-bill and denied an application to file an amended cross-bill. From these orders this appeal is taken.

The answer and cross-bill was one pleading and stated the same facts for answer and for cross-bill. The matters stated therein were adjudicated as between the parties by the decree made on bill and answer. Such decree rendered the matter *res adjudicata*, and it is final since no appeal was taken therefrom. This being so there was no harmful error in striking the cross-bill. The application for leave to file an amended cross-bill presented no matters that would make a case materially different from that presented by the answer and finally adjudicated against the appellant here, so there was no error in denying leave to file the amended cross-bill, if it were otherwise proper practice.

Orders affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.