139 So. 288

### Ex parte STATE ex rel. GRACE.

### 6 Div. 897.

Supreme Court of Alabama.

Jan. 14, 1932.

Rehearing Denied Feb. 4, 1932.

M. B. Grace, of Birmingham, for appellant.

Mullins, Pointer & Deramus, of Birmingham, for appellee.

PER CURIAM.

The proceedings before the chancellor presented an issue of fact upon which the evidence, heard orally before the court, was in sharp conflict. As to whether or not, under these circumstances, the ruling corresponds with the opinion of the appellate court as to the weight of the evidence, is not the question of controlling importance, for due consideration is to be given the advantage the chancellor has enjoyed of seeing and hearing the witnesses testify and observing their demeanor upon the stand. Cobb v. Malone, 92 Ala. 630, 9 So. 738. The well-established rule therefore by which this court is to be guided in the instant case is that the finding of fact by the chancellor will not be here disturbed, unless we are persuaded that it is plainly and palpably wrong. Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206; Curb v. Grantham, 212 Ala. 395, 102 So. 619; Watson v. Ingalls, 218 Ala. 537, 119 So. 667.

The question is not one free from difficulty. The answer of respondent discloses all the evidence and that the conclusion of the chancellor was reached after taking the matter under advisement following argument, from a consideration of the conflicting evidence and an observance of the witnesses who testified upon the issues presented.

We will here enter into no discussion of this evidence. Suffice it to say it has been carefully considered by the court in consultation, and that we are not persuaded the ruling of the chancellor upon the conflicting proof was so plainly and palpably wrong as to justify any disturbance thereof by this court.

All other questions, therefore, aside, we are of the opinion petitioner is not entitled to the relief he seeks, and his petition is hereby dismissed.

Writ denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.