100 So.2d 761

### FARMERS & GINNERS COTTON OIL COMPANY

v.

### B. W. HOGAN.

8 Div. 806.

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Denied Jan. 23, 1958.

Further Rehearing Denied March 6, 1958.

---

1. Post p. 281.

2. Ante p. 243.

Peach, Caddell & Shanks and John A. Caddell, Decatur, and Cabaniss & Johnston and Lucien D. Gardner, Birmingham, for appellant.

Harris & Harris, Decatur, for appellee.

LAWSON, Justice.

This suit was filed in the circuit court of Lawrence County, in equity, by B. W. Hogan against his brother, O. A. Hogan, and the latter's wife, Ruby Hogan, and against Farmers and Ginners Cotton Oil Company, a corporation, and Duncan Cotton Company, a corporation.

The bill sought to have the court decree that a purported satisfaction of a mortgage given to B. W. Hogan by O. A. Hogan and Ruby Hogan on certain real estate and personal property located in Lawrence County was a forgery and invalid; that the indebtedness secured by said mortgage was unpaid and past due; that the mortgage constituted a lien on the the property covered by the mortgage superior to the liens held by Farmers and Ginners Cotton Oil Company and Duncan Cotton Company under mortgages given to them by O. A. Hogan and wife, Ruby, on the same property subsequent to the date of the purported satisfaction of the mortgage to the complainant, B. W. Hogan. The bill further prayed for the foreclosure of the mortgage to B. W. Hogan and the sale of the mortgage property for the satisfaction of the indebtedness thereby secured.

The respondents O. A. Hogan and Ruby Hogan did not enter an appearance and allowed decrees pro confesso to be entered against them.

Farmers and Ginners Cotton Oil Company, a corporation, which we will refer to hereafter as Farmers and Ginners, defended the suit on the grounds, among others, that there had been no actual consideration for the mortgage given by O. A. Hogan and wife to B. W. Hogan; that if there had been any such consideration it had been paid; and that B. W. Hogan, the complainant, had actually entered the satisfaction on the margin of the mortgage record. During the course of the hearing Farmers and Ginners apparently abandoned the above contentions and narrowed its line of defense to the grounds that the satisfaction of the mortgage to B. W. Hogan was made with his knowledge and consent and had been ratified by him and that he was estopped to assert his mortgage as against that of Farmers and Ginners; that the mortgage debt which the complainant sought to enforce was tainted with usury which would limit his recovery to the actual outstanding unpaid principal; and that B. W. Hogan, the complainant, was not a bona fide holder because of his usurious contract and could not assert rights against Farmers and Ginners which could not be asserted by the mortgagors, whose mortgage to Farmers and Ginners warranted that the property was free from encumbrances.

We are not here concerned with the rights of Duncan Cotton Company, a corporation, and hence we will not attempt to describe its defense.

After a hearing where all the testimony was taken orally before the trial court except that of the Probate Judge of Lawrence County, the court entered a decree denying all of the defenses interposed by Farmers and Ginners. The trial court decreed the purported satisfaction of the mortgage to B. W. Hogan to be null and void and ordered the sale of the property covered by that mortgage for the satisfaction of the indebtedness thereby secured.

From that decree Farmers and Ginners has appealed to this court.

The mortgage from O. A. Hogan and wife to B. W. Hogan was executed on August 26, 1946. It recited that B. W. Hogan had that day loaned O. A. Hogan the sum of $24,994.70 with which to purchase certain gin equipment and that the mortgage was given to secure that indebtedness. The gin equipment was to be installed in a building O. A. Hogan was then constructing on property owned by him in the Speake community in the southeastern part of Lawrence County. The mortgage covered the real estate, gin equipment and other personal property. The B. W. Hogan mortgage was recorded in the office of the Probate Judge of Lawrence County on September 4, 1946.

The mortgage from O. A. Hogan and wife to Farmers and Ginners was executed on February 18, 1949, and was recorded on the same day. It purports to be a first mortgage on all of the property therein described and includes the property covered by the mortgage from O. A. Hogan and wife to B. W. Hogan which, as shown above, was executed on August 26, 1946. The Farmers and Ginners mortgage was given to secure a loan of $40,000 made by that company to O. A. Hogan payable $8,000 a year for five consecutive years. The debt thereby secured was evidenced by five notes, each for $8,000.

The Farmers and Ginners loan was not completed until after an official of that company had examined the record of the B. W. Hogan mortgage in the office of the Probate Judge of Lawrence County and had found thereon the following entry:

"The debt secured hereby having been paid this mortgage is hereby satisfied and discharged in full this 12 day of Feb 1949

B. W. Hogan
Mortgagee

Attest: Isaac Johnson, Jr.
Judge of Probate"

As heretofore indicated, B. W. Hogan took the position that the purported satisfaction of his mortgage was a forgery and void and that the debt secured by his mortgage had not been paid or in any way discharged.

■ A forged satisfaction of a mortgage on the mortgage record is void and not effectual even in favor of one who has purchased the mortgaged premises in the honest belief that the satisfaction was in all respects genuine. Seidl v. Paulu, 174 Wis. 403, 183 N.W. 246; Crecelius v. Home Heights Co., Mo., 217 S.W. 508; Luther v. Clay, 100 Ga. 236, 28 S.E. 46, 39 L.R.A. 95; Thompson on Real Property (Permanent Ed.), Vol. 9, § 5085, p. 570; Wiltsie on Mortgage Foreclosures (5th Ed.), § 120, p. 214; 2 Jones on Mortgages (8th Ed.), § 1246, p. 739; 35 A.L.R.2d 948, 951, 953. Cf. Blount v. Blount, 158 Ala. 242, 48 So. 581, 21 L.R.A.,N.S, 755.

■ But the burden was upon B. W. Hogan to show that the mortgage debt was not actually paid and that the satisfaction was a forgery. Meyers v. Murphy, 181 Md. 98, 28 A.2d 861; Barnhart v. Brown, 86 Pa.Super. 437. Cf. Horton v. Spears, 238 Ala. 464, 191 So. 622; McIntyre v. White, 124 Ala. 177, 26 So. 937.

Appellant's attorneys in their able and meticulous briefs assert, as they did in oral argument, that the trial court erred in finding from the evidence adduced that the purported satisfaction of the B. W. Hogan mortgage was in fact invalid and ineffective. They contend: "* * * that the overwhelming preponderance of the evidence leads to the inescapable conclusion that the complainant [B. W. Hogan] did authorize or ratify the satisfaction of his mortgage and that the weight of such evidence is so great as to overcome the presumption in favor of the decision by the Trial Court on the question of fact."

■ The "presumption" to which the attorneys for appellant refer is that which this court indulges in favor of the correctness of findings of fact made by trial judges where the witnesses testify orally before

them. Where the testimony is so taken the findings of fact are given the weight of a jury's verdict, not to be disturbed unless plainly or palpably wrong. Barkley v. Boyd, 211 Ala. 50, 99 So. 196; Smith v. City of Dothan, 211 Ala. 338, 100 So. 501; Curb v. Grantham, 212 Ala. 395, 102 So. 619; Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206; Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288; Patterson v. First Nat. Bank of Piedmont, 229 Ala. 406, 157 So. 446. Although the conclusion reached by the trial court may be different from that which this court might reach as a court of review, where the question is fairly debatable we will not substitute our judgment for that of the trier of facts at nisi prius, on whom rested the primary duty and responsibility of passing on the credibility of the witnesses who appeared and testified before him. Ex parte State ex rel. Grace, supra; Fitzpatrick v. Shine, 254 Ala. 323, 48 So.2d 220; Forest Hill Corp. v. Latter & Blum, Inc., 249 Ala. 23, 29 So.2d 298; Pugh v. Cannon, Ala., 94 So.2d 386.[1] The same presumption applies even though some of the testimony was not taken orally before the trial court. Marks v. Marks, 254 Ala. 612, 49 So.2d 166; Donohoo v. Smith, 207 Ala. 296, 92 So. 455; Cox v. Somerville, 204 Ala. 261, 85 So. 525; Moore v. Walker, 201 Ala. 629, 79 So. 191; Faulkner v. Fowler, 201 Ala. 685, 79 So. 257.

B. W. Hogan testified that he did not write his name on the mortgage record in question. He is supported in this respect by the testimony of several bankers shown to have been familiar with his signature and by the testimony of a handwriting expert who expressed the opinion that O. A. Hogan wrote the name of his brother, B. W. Hogan, on the mortgage record. The respondents below offered no evidence tending to show that the signature of B. W. Hogan was on that record and Farmers and Ginners does not now contend that the trial court erred in finding from the evidence: "* * * that complainant [B. W. Hogan] did not write his name on the mortgage satisfaction in the office of the Judge of Probate, but that the respondent, O. A. Hogan, did write the complainant's name on this record."

B. W. Hogan denied that he was present when anyone else wrote the name "B. W. Hogan" on the mortgage record or when the name "Isaac Johnson, Jr.," was written thereon. He asserted that he had not authorized anyone to sign his name on the record and stated that the first time he ever saw the endorsement on the record which purported to be a satisfaction of his mortgage was on Monday, May 24, 1954. He also stated that the first time he ever heard that anyone contended that the mortgage had been satisfied was on or about Friday, May 21, 1954, when an official of Farmers and Ginners indicated that his mortgage had been satisfied of record and that Farmers and Ginners had the first mortgage on the property involved. B. W. Hogan also testified that the mortgage debt had not been paid in full at time of the purported satisfaction nor at time of trial and we think this latter statement fully supported by the evidence.

Two witnesses called by Farmers and Ginners gave some testimony in support of its theory or contention that the satisfaction was valid although not actually signed by B. W. Hogan because he was in the record room of the Lawrence County courthouse on the morning of February 12, 1949, when O. A. Hogan, with the permission and at the direction of B. W. Hogan, wrote the latter's name on the mortgage record after B. W. Hogan had placed upon the record the stamp customarily used in that office in connection with the satisfaction of mortgages.

Judge Johnson, who admitted that he personally signed his name as a witness to the satisfaction of the mortgage, further testified that he was in his office on the morning of February 12, 1949, when someone called to him from an adjoining room where

mortgage and other records were kept. Upon entering the room he saw B. W. and O. A. Hogan, both of whom he had known all his life. At the request of one of them, he does not remember which, he affixed his signature in their presence as a witness to the fact that the mortgage had been marked satisfied. He would not say that he saw either of the men write the name B. W. Hogan on the record and he was not familiar with B. W. Hogan's signature. According to the Judge, B. W. Hogan was standing only a short distance from him when he witnessed the satisfaction of the mortgage and was in a position where he should have been able to easily observe all that was going on.

The only other witness who gave any direct evidence about the manner in which the endorsement was placed on the mortgage record was Calvin Terry, who was at that time the courthouse janitor and who, according to his own testimony and that of Judge Johnson, was present in the record room at the time in question. Before going to work for the County, Terry had worked as a share cropper on some of the Judge's land situated in or near the Speake community, where O. A. Hogan lived and where the Judge lived. He was so engaged at the time of the trial. Terry testified as follows: "Well, I believe, the best of my recollection, that I was in there dusting and cleaning some books, and Mr. Amos [O. A.] Hogan and Mr. Wallace [B. W.] came in there and they got—Mr. Wallace, got a book over there and laid it on the counter and looked through it and picked up something and stamped it—I don't know what it was—didn't pay no attention—I wasn't close to them. He [B. W. Hogan] got Judge Johnson and told Judge, 'I think Mr. [O. A.] Hogan has done mighty well in the last three or four years,' he has swept the floor clean."

O. A. Hogan, although brought into court at the direction of the trial judge, was not required to give evidence after he had claimed his privilege against self-incrimination.

The record in this case is quite voluminous, containing approximately 500 pages. We have not attempted to set out more than a bare outline of the evidence, much of which was introduced solely for the purpose of reflecting upon the credibility of the witnesses referred to above. However, the entire record, including the multitude of exhibits, has received our careful consideration.

The testimony in this case, as we have heretofore indicated, was practically all taken orally before the court. The trial judge has had many years experience at the bar and as a jurist. He was unquestionably personally acquainted with the principal witnesses in this case. Hence, he was in a much better position than we are to judge their credibility in the light of the interest which each of them has in the litigation and the ability of some of them to clearly remember events which transpired several years before testifying, but the inability to remember things which took place only a short time prior to trial. We are impressed that the evidence is of that character which is peculiarly addressed to the sound judgment and conscience of the trial court. We certainly cannot say that the findings of the trial court "that the complainant [B. W. Hogan] did not authorize anyone to place his name on the mortgage record satisfaction in question or to otherwise mark said mortgage satisfied, and he had not ratified said act" is plainly or palpably wrong or plainly contrary to the weight of the evidence. Grimes v. Warren, 262 Ala. 427, 79 So.2d 34; Fitzpatrick v. Shine, supra.

The appellant next contends that the B. W. Hogan mortgage secures a usurious loan and therefore that mortgage is inferior to the mortgage of appellant, even if it be conceded that the satisfaction of the B. W. Hogan mortgage was a forgery and ineffective. Appellee denies that his mortgage was tainted with usury. However, we will not enter into a discussion of that question but will assume for the purpose of this opinion that the B. W. Hogan mortgage was infected with usury. In dealing with

the question at hand, we lay aside any consideration of the purported satisfaction and approach a determination of the rights of the parties as if there had been no effort to show that the mortgage had been satisfied.

When the case is so considered, we have simply a situation where a junior mortgagee asserts that its lien is superior to that of the first mortgage because the loan which the first mortgage secured is tainted with usury.

■ The following Alabama cases, among others, hold that in the situations presented the defense of usury is a personal defense to the debtor, his personal representative, his heirs, surety or others similarly situated. Feno v. Sayre, 3 Ala. 458; Cook v. Dyer, 3 Ala. 643; Harbinson v. Harrell, 19 Ala. 753; Cain v. Gimon, 36 Ala. 168; Baskins v. Calhoun, 45 Ala. 582; McGuire v. Van Pelt, 55 Ala. 344; Griel v. Lehman, Durr & Co., 59 Ala. 419; Butts v. Broughton, 72 Ala. 294; Moses Bros. v. Home Bldg. & Loan Association, 100 Ala. 465, 14 So. 412; Stickney v. Moore, 108 Ala. 590, 19 So. 76; Eslava v. New York Nat. Bldg. & Loan Ass'n, 121 Ala. 480, 25 So. 1013; Johnson v. Southern Bldg. & Loan Ass'n, 121 Ala. 524, 26 So. 201; Nance v. Gray, 143 Ala. 234, 38 So. 916; Hodges v. Westmoreland, 209 Ala. 498, 96 So. 573.

Appellant tries to engraft an exception on this rule. He seeks to be let in on the theory of subrogation and even seeks to qualify as a surety for a mortgagor for whose debt appellant has no liability. In support of its contention appellant cites Alabama cases wherein the defense of usury was not involved and cases from other jurisdictions where apparently the law has always been different from that in Alabama on this subject.

■ We will not undertake to answer the several ingenious arguments which the attorneys for appellant have advanced in their effort to have this court say for the first time that a junior mortgagee has a lien superior to the first mortgage where the first mortgage secures a usurious loan. We think the question was decided adversely to appellant's contention by this court in the case of Stickney v. Moore, 108 Ala. 590, 19 So. 76, 79. In that case a debtor was insolvent and all the creditors were made parties to the foreclosure proceedings. A junior mortgagee complained of usury in the senior mortgage but the court followed the rule that usury is personal to the debtor and cannot be set up as a defense by a stranger. In that case we said in part as follows:

"The second question presented on this appeal is, whether a junior mortgagee, in case of the insolvency of the debtor, can plead usury against a prior incumbrance. The courts of New Jersey, New York and Indiana seem to hold the affirmative of this proposition, but it is held contrariwise in many of the other courts. For a citation of authorities on the question, see 27 A. & E.Enc. of Law, 951. In Alabama it has been long held, that usury is a personal defense and cannot be set up by a stranger to the contract, but only by the parties or their legal representatives. Griel v. Lehman, 59 Ala. 419; McGuire v. Van Pelt, 55 Ala. 344; Kilpatrick v. Henson, 81 Ala. 464, 1 So. 188; Welsh v. Coley, 82 Ala. 363, 2 So. 733; 3 Brick.Dig. p. 574, § 47."

We think the holdings in the following cases are to like effect. Cook v. Dyer, supra; Johnson v. Southern Bldg. & Loan Ass'n, supra. See 59 A.L.R. 343, where it is said: "Thus the right of a junior mortgagee to set up usury has been denied in the following cases: Alabama: Cook v. Dyer, 1842, 3 Ala. 643; Stickney v. Moore, 1895, 108 Ala. 590, 19 So. 76."

■ In this state under existing statutory provisions usurious instruments are void only as to interest, § 65, Title 9, Code 1940; Harris v. Bradford, 245 Ala. 434, 17 So.2d 145. So even if appellant was in a position to plead usury, we are unable to

understand how it could be in any better position than O. A. Hogan, the mortgagor, who could only complain of interest. See Turner v. Merchants Bank, 126 Ala. 397, 28 So. 469.

We have given careful and deliberate consideration to the voluminous record and to the fine but lengthy briefs which counsel for the parties have filed, and we have concluded that the decree of the trial court must be affirmed. We realize that Farmers and Ginners has been imposed upon by some person or persons, but we cannot say from this cold record that appellee, B. W. Hogan, was in any way involved and we know of no provision of law that would justify us in reversing the decree of the trial court.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.

## On Rehearing

LAWSON, Justice.

Appellant's counsel are intensely dissatisfied with our opinion and in brief filed in support of application for rehearing challenge every holding implicit in the opinion.

In regard to our refusal to reverse the trial court on its findings of fact counsel say: "We were convinced that the record is so replete with evidence of fraud and collusion between the two brothers (Amos, the mortgagor, and B. W., the mortgagee) as to have shocked the conscience of this court and to have required it to stamp the trial court's findings as contrary to the great weight of the evidence."

We said in our original opinion: "We are impressed that the evidence is of that character which is peculiarly addressed to the sound judgment and conscience of the trial court." We are still of that opinion

and are unwilling in view of the applicable presumption in favor of the trial court's findings to substitute our judgment on the facts in question for that of the experienced trial judge before whom most of the testimony was adduced.

In brief filed on behalf of appellant on original submission it was contended that: "Farmers and Ginners' mortgage lien was entitled to priority over complainant's because complainant's mortgage secures a usurious loan, he is not a bona fide holder and his equity is inferior to that of Farmers and Ginners."

For the purpose of the opinion we conceded that B. W. Hogan's mortgage did secure a usurious loan but held that appellant's contention in regard to usury was without merit. In our holding we laid aside any consideration of the purported satisfaction of the B. W. Hogan mortgage and treated appellant's contention as being no more than an insistence of a junior mortgagee that its lien was superior to the lien of the holder of the first mortgage because the loan which the first mortgage secured was tainted with usury. We cited and quoted from our case of Stickney v. Moore, 108 Ala. 590, 19 So. 76, in support of our holding that appellant could not prevail simply because the B. W. Hogan mortgage secured a loan tainted with usury.

In brief filed on rehearing appellant's counsel say: "The writer of this opinion has missed the whole point on the question of usury," in that appellant recognized and raised no quarrel with the general rule that a junior mortgagee cannot assert usury against a prior encumbrance; that appellant took the position that the existence of the purported satisfaction witnessed by the probate judge made the general rule inapplicable because appellant had every right to rely on the purported satisfaction and since "the two mortgagees were equally innocent as regards any notice of encumbrances on the property (appellee, because the mortgagor had good record title; appellant, because it was entitled to rely on the satisfaction of appel-

lee's mortgage witnessed by the Probate Judge), then appellee, whose mortgage was tainted with usury, would be postponed to appellant, who had the better equity"; that, "The principle that usury is a personal defense has nothing whatever to do with the question of whether the junior mortgagee is entitled to priority by reason of having a better equity because the senior mortgage was tainted with usury. For in such a case the issue is not whether the junior mortgagee can defeat the senior mortgage, partially or in toto, by a defense of usury, but is whether the senior mortgagee is a bona fide purchaser"; that, "evidence of usury is admissible, not as a defense, but as showing that the senior mortgagee is not a bona fide purchaser and consequently the junior mortgagee has the better equity."

Appellant did make substantially those contentions in its brief filed on original submission and perhaps the writer of the opinion is justifiably criticized for not having treated them as argued rather than by merely observing that in treating the question of usury "we lay aside any consideration of the purported satisfaction and approach a determination of the rights of the parties as if there had been no effort to show that the mortgage had been satisfied."

The cases relied upon by appellant are those which hold, in effect, that where a contract debt is usurious the mortgagee is not a bona fide purchaser without notice of prior secret or latent equities of third parties and such equities will prevail over the mortgagee's title thus tainted. Wailes v. Couch, 75 Ala. 134; Saltmarsh v. Tuthill, 13 Ala. 390; Clark v. Johnson, 133 Ala. 432, 31 So. 960. To like effect see Smith v. Lehman, Durr & Co., 85 Ala. 394, 5 So. 204; Meyer v. Cook, 85 Ala.

417, 5 So. 147; Hoots v. Williams, 116 Ala. 372, 22 So. 497; Davis v. Ashburn, 224 Ala. 572, 141 So. 226; McCall v. Rogers, 77 Ala. 349; Alston v. Marshall, 112 Ala. 638, 20 So. 850; Lewis v. Hickman, 200 Ala. 672, 77 So. 46.

We are of the opinion that the holdings in the cases cited above have no application to the instant case. Appellant had no prior secret or latent equity and the act or acts of those who wrongfully made the endorsements on the mortgage records for the purpose of indicating that the B. W. Hogan debt had been paid and the mortgage satisfied did not create a situation whereby B. W. Hogan had to show that he was a bona fide purchaser for value without notice in order to prevail. It was that view which we still entertain that caused us to lay aside the consideration of the purported satisfaction when we came to consider appellant's argument as to usury upon original deliverance, since we had upheld the finding of the trial court from the evidence that B. W. Hogan was not in any wise a party to the purported satisfaction. We reaffirm our holding in the original opinion that the fact that the B. W. Hogan mortgage may have been tainted with usury cannot be of aid to appellant.

As we observed in the original opinion, the result in this case is hard, but we know of no equitable principle which would justify us in reversing the decree of the trial court in view of its findings on the facts, which we are unwilling to disturb.

The application for rehearing is overruled.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.