576 So.2d 310 (1990)
David LLOYD and Frances Lloyd, Appellants,
v.
CHICAGO TITLE INSURANCE COMPANY, Appellee.
No. 89-624.
District Court of Appeal of Florida, Third District.
October 23, 1990.
*311 Gerald Forman, Miami, for appellants.
Holland & Knight and Scott B. Newman and Christopher N. Bellows, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.

ON MOTION FOR REHEARING
FERGUSON, Judge.
David and Frances Lloyd, assignees of a note secured by real property, appeal a summary final judgment of foreclosure entered in favor of Chicago Title Insurance Company.[1] The question presented is whether the lien of an innocent subsequent mortgagee is superior to that of an unrecorded earlier assignment of the first mortgage where the earlier mortgage is shown on the public records as satisfied owing to a forgery. The lower court determined that, because of a failure to record the assignment, the later mortgage was superior to the assignee's earlier recorded mortgage. We disagree and reverse.
In 1981, Donald and Robin Lloyd  appellants' son and his wife (the younger Lloyds)  sold a single family residence in North Miami Beach to Florence Wong. The younger Lloyds took back and recorded a $200,000 purchase money mortgage. Later, the younger Lloyds assigned the Wong mortgage to the appellants (the elder Lloyds) in connection with the sale of the family's automobile business to the son. The assignment of mortgage was not recorded.[2] A fraudulent satisfaction of the mortgage was recorded in 1985.
Ms. Wong encumbered the apparently unencumbered property with two mortgage loans obtained from Commercial Bank & Trust Company. When those loans fell into default Commercial Bank brought an action to foreclose. The elder Lloyds, who received regular monthly payments on the mortgage, had no knowledge of the forged satisfaction until the foreclosure proceedings were commenced. Commercial Bank, at the same time, first became aware that the 1985 satisfaction of mortgage was a fraud. Chicago Title, Commercial Bank's insurer, stepped into the litigation in place of its insured.
Chicago Title contends that when Commercial Bank acquired the mortgages, record title showed no existing encumbrances or assignment and, for that reason, it is entitled to the protection afforded by section 701.02, Florida Statutes (1987), which invalidates, as against innocent creditors for valuable consideration, any mortgage assignment which is not recorded according to law. It is undisputed that Commercial Bank, in making the mortgage loan to Mrs. Wong, relied  to its detriment  on the fraudulent instrument which purported to satisfy the mortgage held by the elder Lloyds.
Controlling here is the general principle that the recording of a void or forged instrument cannot create legal title or protect those who may claim under it. McCoy v. Love, 382 So.2d 647 (Fla. 1979); Reed v. Fain, 145 So.2d 858 (Fla. 1961); Farmers & Ginners Cotton Oil Co. v. Hogan, 267 Ala. 248, 100 So.2d 761 (1957) (a forged satisfaction of a mortgage is void and ineffectual even in favor of one who has purchased in the honest belief that the satisfaction was genuine); Wright v. Blocker, 144 Fla. 428, 198 So. 88 (1940). See generally Annotation, Reinstatement and Restoration of Mortgages Released or Discharged Without Authorization, as Against Subsequent Purchasers, Lienholders, Judgment Creditors, and the Like, Without Notice, 35 A.L.R.2d 948 (1954).
In this case, it was not the failure of the elder Lloyds to record the assignment; it was, instead, the intervening criminal act which induced Chicago Title's detrimental reliance. But for the showing in the public records that the Lloyd land was free and clear, Commercial Bank would not have given a "first" mortgage loan to Mrs. *312 Wong. If the public record had reflected the actual state of the Lloyd mortgage, as unsatisfied, whether that mortgage was the subject of an unrecorded assignment would have been immaterial to the question of Commercial Bank's mortgage position as superior or subordinate. See Northup v. Reese, 68 Fla. 451, 67 So. 136 (1914) (where a mortgage is assigned and the record of the mortgage is unauthorizedly cancelled, a second mortgage executed and assigned after the cancellation has no priority over the assignee of the first mortgage).
Section 701.02(1), Florida Statutes (1987), relied upon by Chicago Title, provides:
No assignment of a mortgage upon real property or any interest therein, shall be good and effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the same be recorded according to law.
Reliance on the statute is misplaced. Appellees have cited no authority which construes the above provision so as to give effect to a forged satisfaction of mortgage  which we would have to do of necessity in order to uphold the summary judgment. Manufacturers' Trust Co. v. People's Holding Co., 110 Fla. 451, 149 So. 5 (1933), also relied upon by the appellee, is distinguishable. There the court held, construing the same statute, that the person making a subsequent mortgage loan and having the first mortgagee execute the satisfaction, was entitled to rely on the record without ascertaining the whereabouts of the first mortgage note. It is significantly different here that the instrument purporting to evidence satisfaction of the mortgage was a legal nullity.
The summary final judgment of foreclosure is reversed and the cause is remanded with instructions to enter a judgment for the appellants, and for further consistent proceedings.
NOTES
[1] Neither the assignor of the note nor the legal owner of the secured property is a party to this appeal.
[2] The elder Lloyds recorded their assignment in 1987  after Commercial Bank, Chicago Title's insured, had given a mortgage to Mrs. Wong.