# Birmingham Lot Co. *v.* Taylor.

## *Bill to Annul Mortgage.*

(Decided May 13, 1913.  62 South. 521.)

1. *Mortgages; Validity; Burden of Proof.*—In a suit to set aside a note and mortgage on the ground that they do not conform to the contract of the parties, the complainant has the burden to establish a contract different from the one contained in the note and mortgage.

2. *Same; Evidence; Sufficiency.*—The evidence examined and held insufficient to show that the agreement of the parties was that the fee which the mortgage was given to secure was contingent on the acquittal of the mortgagee's son.

3. *Cancellation of Instrument; Decree.*—Where the bill was to set aside a note and mortgage given to secure the absolute payment of a fee of an attorney, claimed by complainant to be contingent, the court cannot reduce the fee one-half the agreed amount and sustain the mortgage as to that amount.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Bill by Annie E. Taylor against the Birmingham Lot Company to annul a mortgage. Decree for complainant, and defendant appeals. Reversed, rendered, and remanded.

The bill alleges that the mortgage was executed to the respondents to secure a note of $1,000, and the circumstances alleged as to the execution was that she was in great distress because of the fact that her son Henry Beck was under indictment for murder, and that she employed, under circumstances related in the bill, one J. F. Stallings to represent her son, and that the fee was secured by the note and mortgage above referred to, on the conditions set out in the opinion. The following is the letter marked Exhibit B: "Judge J. W. Stallings—Kind Sir: Yours of the 28th received. Let me thank you for your kindness, for I am badly in need of these rents. After reading your letter, I feel somewhat puzzled in regard to the mortgage. Please excuse me for taking up your valuable time, but it will be quite a favor if you will explain to me again just how the mortgage was made. You remember I did not read it, as our time was limited on account of your other business affairs. I have been trying to remember how it was made since I received your letter. I will tell you how I understood it at the time, and if I am right there will be no use in going into details. I understood we was to pay interest on the fees every twelve months, and pay all on the principal that we could until you was paid, and in the event that I should die before you was paid the interest Henry holds in the Taylor estate was to go to you for your services. You remember I told you I had nothing that I could sell or mortgage to help the dear poor child. If I had I sholy would have done all I

[Birmingham Lot Co. v. Taylor.]

could, at the same time I could not, under no circumstances, do without something to sustain life, for I am not able to work any more and I know Henry would be willing to let his interest go to get him out of this trouble. [Here follows certain matters not necessary to be here set out.]" Signed by Mrs. Annie Taylor, Columbus, Ga.

STALLINGS & DRENNEN, and WILLIAM A. JACOBS, for appellant. No brief reached the Reporter.

JOHN E. HENRY, for appellee. No brief reached the Reporter.

ANDERSON, J.—This bill was filed to cancel a certain mortgage held by the respondent which was made by the complainant to secure a fee due the firm of Stallings & Drennen for services rendered by J. F. Stallings in the defense of the mortgagor's son, who was tried for murder in the state of Georgia. While the note and mortgage unqualifiedly and unconditionally provide for the payment of $1,000, the complainant claims that she does not owe said sum and only owes the actual expense incurred by the said Stallings in and about the defense of her son. The complainant claims that said Stallings agreed to take the case for a contingent fee (that is, to charge $1,000 if he succeeded in getting her son acquitted), and that she was to pay him only his actual expenses in the event her son was convicted. That her son was convicted and she did not therefore owe said Stallings said fee of $1,000 or any other fee, but merely owed him what he may have expended by way of actual expenses in looking after the case. The complainant also charges that she did not read the papers before executing them and relied upon the representation of the mortgagees to the effect that said papers set

up the contract as she understood it and as actually made.

The burden of proof was on the complainant to establish a different contract from the one set up in the note and mortgage and to show that she had been fraudulently induced to sign said papers.

She not only failed to carry this burden but the weight of the evidence was against her theory of the transaction and showed that the obligation to pay the fee was not contingent upon the acquittal of her son. Indeed, complainant's letters, written several months after the trial and conviction of her son, indicate very strongly that she recognized that the obligation to pay the fee was not canceled by the conviction of her son, especially the letter marked Exhibit B, which will be set out by the reporter.

Neither version of the transaction authorized such a decree as was made by the trial court in fixing the fee at $500, and its holding that the mortgage was a valid security for same, as the complainant either owed $1,000 or she did not owe any fee at all but merely owed the actual expenses incurred by said Stallings. The present decree made a new contract for the parties and a totally different one from the contention of either of them.

The decree of the law and equity court is reversed, and one is here rendered holding that the mortgage is valid· as security for $1,000, the amount therein expressed, and the cause is remanded in order that the complainant may be given a reasonable time to comply with her prayer in the alternative of being permitted to pay. what is due on the mortgage and having the same satisfied.

Reversed, rendered and remanded.

MAYFIELD, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.