185 So. 763

### WOODLAWN THEATRE CO., Inc., v. CONTINENTAL SECURITIES CORPORATION OF ALABAMA et al.

#### 6 Div. 422.

Supreme Court of Alabama.

Jan. 12, 1939.

Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellant.

W. H. Sadler, Jr., of Birmingham, for appellees.

KNIGHT, Justice.

#### Bill for Rescission.

The complainant on June 10th, 1938, filed in the Circuit Court of Jefferson County an amended bill of complaint against the Continental Securities Corporation of Alabama and Mrs. Sallie M. Wise, seeking a rescission of a certain conveyance of land, executed to the complainant by the said Continental Securities Corporation of Alabama on January 29th, 1937. The amended bill purports to be a complete bill within itself, and in the outset recites: "Comes the complainant in the above styled cause and with leave of the court first had and obtained amends the original bill of complaint heretofore filed herein so that same shall read and be in addition to the caption as above set out as follows."

We are not informed as to the date of the filing of the original bill, nor are we informed as to any of its averments. It does appear, however, that by agreement

of counsel the register was directed to omit the original bill from the transcript.

The respondent, Continental Securities Corporation of Alabama, demurred to the bill as last amended, assigning the ground, among others, that the bill was without equity. On submission on the demurrers, the court sustained the same, and dismissed the bill, but without prejudice.

The bill presents quite an anomalous situation.

It appears from the averments of the bill that the respondent, Continental Securities Corporation, (which we shall hereafter refer to as the "Securities Corporation") owned a certain piece of real estate, situated in Birmingham, Jefferson County, Alabama, and described as "lots 14, 15 and the Eastern forty (40) feet of lot 16, Block 21, according to the survey of East Lake by the East Lake Land Company * * *."

It is averred that the complainant informed the agent of the Securities Corporation that it wanted "a piece of property upon which to construct a theatre building in conjunction with other parties, and that whatever property it purchased must be suitable for immediate use and occupancy for said purpose, and that the time element was very important because he wished to start construction immediately for fear of an increase in the price of building material, labor and general construction costs." That the Securities Corporation's said agent represented to the complainant that there were no leases upon the above described property, except to "A. & P. Tea Company, which expired April 30, 1937, and to Hill Grocery Company which expired March 31, 1937, and that all other tenants of said property were holding on a 'month to month basis,' and that complainant could obtain 'immediate possession' to start construction of said theatre building without delay."

The bill then proceeds to aver, that relying on said representations complainant agreed to purchase the property, and that, as a part of its plans for the construction of said theatre, it arranged with other interests to build the said building, and to lease the same to the complainant, and as a part of said construction arrangements, complainant agreed to sell a portion of the above described property to the said Sallie M. Wise, another respondent to the bill.

The bill shows, however, that the Securities Corporation refused to sell and convey only that portion of the property upon which the theatre building was to be constructed, and informed the complainant "that the only way it would sell that portion upon which the theatre was to be constructed was to sell the whole tract," and that in order to get this portion of the property complainant agreed "in writing" to purchase the entire tract. A copy of the said agreement is attached to, and made a part of, the amended bill. That the Securities Corporation had actual knowledge of said construction arrangements and agreed that title to a portion of said real estate should be conveyed directly to the said Sallie M. Wise, who was to pay said Securities Corporation therefor the sum of $12,000.

It is also averred that, at the closing of the trade between complainant and respondent, Securities Corporation, the portion of the property, upon which the theatre was to be built, was conveyed by the Securities Corporation to Sallie M. Wise, who paid therefor approximately $12,000; that at that time the Continental Securities Corporation's agent informed the complainant and the representatives of Sallie M. Wise that there were no leases on the property, which was conveyed to said Wise, and which is described in paragraph 8 of the amended bill; and that it was mutually agreed between all the parties that said property would be conveyed to said Sallie M. Wise "free and clear" of all encumbrances. And the bill shows that the property conveyed to said Wise was free of all encumbrances, except a lease thereon which ran until September 30, 1937, and which expired more than eight months before the filing of the amended bill.

The remainder of the property was conveyed then to the complainant, who paid a portion of the purchase price in cash, assumed a mortgage debt thereon, and to secure the balance of the purchase price, complainant executed his negotiable notes secured by mortgage on the tract conveyed to him.

The bill charges, in substance, that the representative or agent of the Securities Corporation perpetrated a fraud in the negotiation of the sale, in that he falsely represented that there was no lease on the tract of land described in paragraph 8 of the amended bill, and which was con-

veyed to Sallie M. Wise, while in fact this tract was then under a lease which would not expire until September 30, 1937. That, due to this outstanding lease, the complainant had been prevented from "proceeding with the construction of · said theatre" and that it had been deprived of the reasonable profits from operating a theatre as planned, and the use of said property. There is no contention that the parcel of land sold and conveyed to complainant was not as represented, and no fraud is averred in the sale of this tract. All the fraud charged relates wholly and exclusively to the Wise purchase.

Sallie M. Wise is not complaining. For aught averred to the contrary, she is entirely satisfied with her trade.

Compressed in a few words, the bill shows that complainant wanted to purchase a certain portion of a tract of land owned by the Securities Corporation upon which to get someone to construct a theatre building for its use; the Securities Corporation was unwilling to sell a part only of the tract, and refused to do so, but signified its willingness to sell the entire tract at a stated price; the complainant thereupon entered into a contract with the Securities Corporation to buy the entire tract; that to make the purchase, the complainant secured Sallie M. Wise to buy that part of the property which is described in paragraph eight (8) of the amended bill. And the complainant, in carrying out its contract of purchase, had the Securities Corporation to convey the real estate described in said paragraph direct to said Sallie M. Wise, for the sum of, approximately, $12,000, and at the same time had the balance of the property conveyed to it. This was the mode and method adopted by the complainant in carrying out its said contract of purchase.

Whatever fraud that may have been perpetrated by the agent of the said Securities Corporation, in the sale of the property, related solely to the tract which was purchased by Sallie M. Wise. As to the tract conveyed to the complainant, no charge of fraud is made or intimated. The complainant got just what it was contemplated he should receive.

The bill seeks rescission, not as to the Wise tract, but solely as to the tract which was conveyed to complainant. The bill offers to restore the property conveyed to complainant, but makes no offer to restore the possession of the property which was conveyed, at the complainant's instance, to Sallie M. Wise.

While the two pieces of property were separately conveyed, the contract of sale was one, and called for the sale of the entire property or none. The complainant was so informed, and the sale was consummated upon this understanding. The complainant was the purchaser, but, for its convenience, the seller made separate conveyances, one to Wise, who is not complaining, although, if there was any fraud practiced, it was as to the tract conveyed to her; and the other tract was conveyed to the complainant. Certainly, as to the lands conveyed to complainant, no fraud is averred.

 Courts of equity have undoubted jurisdiction to direct and enforce the rescission of contracts, and the surrender and cancellation of written instruments for fraud, but they have always exercised this jurisdiction only upon equitable principles.

 As a general rule, to entitle one to rescission of a conveyance, he must, as a prerequisite, offer to do equity. He must return, or offer to return to the opposite party whatever he has received under the fraudulent contract. "He cannot hold on to such part of the contract as may be desirable on his part, and avoid the residue, but must rescind in toto, if at all." Masson v. Bovet, 1 Denio, N.Y., 69, 43 Am.Dec. 651; Dill v. Camp, 22 Ala. 249; Barnett v. Stanton, 2 Ala. 181; Stephenson v. Allison et al., 123 Ala. 439, 26 So. 290.

The bill makes no pretense at offering to re-establish the status quo ante in its entirety.

 It seems to be well settled that, when the contract is entire, partial cancellation or rescission will be granted only in extreme circumstances, "and the case must be one in which the court can see that no possible injustice will be done by granting this relief." 9 C.J. § 208, pp. 1260-1261; Blackwell v. Oldham, 4 Dana, Ky., 195; Carlton v. Hulett, 49 Minn. 308, 51 N.W. 1053; Bradley v. Bosley, 1 Barb.Ch., N.Y., 125. To grant the relief here prayed would do manifest injustice to the Securities Corporation, for it would result in bringing about a situation with reference to the sale of said property, which the bill shows the Securities Cor-

poration positively refused to agree to throughout the entire negotiations, and this, too, in face of the fact that the conveyance of a part of the property to Sallie· M. Wise was not at the suggestion. of the seller, but at the instance, and for the accommodation, of the complainant. If both the complainant and the said Sallie M. Wise were seeking rescission, and were offering to restore the status· quo ante in its entirety, another and different situation would be presented. Such is not the situation, and we must deal with the case as made by the bill.

We are, therefore, of the opinion that the bill, as last amended, is without equity, and the demurrer thereto was properly sustained. The decree of the court below will stand.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.