48 So.2d 190

## TAUNTON et al. v. TRAMMELL.

### 5 Div. 483.

Supreme Court of Alabama.

Oct. 12, 1950.

Hines & Hines, of LaFayette, W. Howell Morrow, of Lanett, and Rushton, Stakely & Johnston, of Montgomery, for appellants.

Walker & Walker and R. C. Smith, all of Opelika, and R. C. Wallace, of LaFayette, for appellee.

LIVINGSTON, Justice.

The appeal is from an amended decree of the Circuit Court, in Equity, of Chambers County, Alabama, restraining the construction of a building on appellants' lands in Chambers County and requiring the removal of a gasoline storage tank and pumps from said lands.

Omitting formal allegations and others not necessary for this decision, the bill alleges that in 1934 the complainant, appellee here, sold to one Hall certain particularly described real estate located in Chambers County, Alabama, with the following provision in the deed of conveyance: "It is agreed that there shall never be any garage, filling station or bulk plant for the storage of gasoline built on the above lots." It was then averred that in 1944 Hall, with the same restrictions, conveyed this property to one Forrester, and that in 1946 Forrester, with the same restrictions, conveyed it to the appellants.

In section 5 of the bill appellee alleged two breaches of the condition or restriction, (1) that the respondents had installed a gasoline storage tank and pump on said premises and were offering gasoline and oil for sale to the public; and (2) that at the time of the filing of the bill appellants were in the process of erecting a filling station on said premises.

The bill sought temporary and permanent injunctions restraining the appellants from proceeding with the building or erection of a garage, filling station or bulk plant for the storage of gasoline on the premises, and a mandatory writ of injunction requiring appellants to remove from the premises the gasoline storage tank and pumps installed by them, and general relief.

Demurrers to the bill were interposed by appellants and overruled by the trial court. Thereupon appellants answered the bill, admitting that they had installed a gasoline storage tank and pump on the premises in July 1947, and that they had maintained and operated the same continuously since that time. They further admitted that at the time of the filing of the bill they were in the process of erecting a filling station on the premises in question. They deny that the alleged restrictive agreement was incorporated in the conveyance to them or to their predecessors in title or that it constituted any part of the legal consideration for the same. For further defense appellants sought to show that the restrictive agreement was solely for the personal benefit of appellee in restraint of trade and did not run with the land and did not affect the value of other real estate in the neighborhood; that the right which appellee sought to enforce was barred by laches, and, further, that on account of the changed conditions of the community the restrictions should no longer be enforced.

The cause was submitted on an agreed stipulation of facts, a comprehensive map of the surrounding territory and several photographs showing the premises involved, the adjoining and adjacent properties, together with the improvements thereon. The trial court entered a decree granting the relief prayed for and permanently enjoined the erection of the filling station.

Apparently inadvertently, the trial judge failed to include in the decree a mandatory order for the removal of the gasoline storage tank and pump. But within thirty days a motion was made to correct the decree in this particular and the same was sustained and the decree amended accordingly. This appeal followed.

We note that appellants admitted in the stipulation of facts that the condition or restriction, "It is agreed that there shall never be any garage, filling station or bulk plant for the storage of gasoline built on the above lots," was written into each conveyance in the chain of title under which appellants hold.

■■ The assignment of error numbered one and predicated upon the lower court's overruling of appellants' demurrer to the bill of complaint was not argued in brief and was therefore waived. Appellants argue the remaining six assignments of error in a somewhat general and collective manner, but we think separately and specifically enough to avoid the penalty that where one assignment is without merit the others will not be considered. Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337; Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749.

■ Appellants insist the evidence is not sufficient to show a violation of the restriction or condition on that phase of the case seeking a mandatory injunction for the removal of the gasoline pump and storage tank. The answer admits the installation of "a gasoline storage tank and pump on said above premises, to-wit, July 1947, and that they have maintained and operated same continuously since said time without any objection on the part of the plaintiff until the filing of this suit." Several pictures of the gasoline pump were introduced in evidence. There can be little or no doubt but that the admissions and photographs establish a violation of the restriction.

■ Appellants argue for a reversal on the theory of laches, based upon the tenden-

cies of some of the agreed facts to prove that for more than a year appellee permitted appellants to operate the gasoline pump and storage tank without protest. In support of the argument the following is quoted from the case of Adams v. Birmingham Realty Co., 154 Ala. 457, 45 So. 891, 892: "Acquiescence in the wrongful conduct of another, by which one's rights are invaded, may often operate, upon the principles of and in analogy to estoppel, to preclude the injured party from obtaining many distinctly equitable remedies to which he would otherwise be entitled. This form of quasi estoppel does not cut off the party's title, nor his remedy at law. It simply bars his right to equitable relief, and leaves him to his legal actions alone. * * * The cases require of the plaintiff a promptness in objecting and in taking steps to enforce his objection, upon receiving notice of the defendant's structure or erections which are sought to be restrained, if the circumstances are such that the defendant would be unnecessarily prejudiced by the plaintiff's delay."

The foregoing is of course a correct statement of the law. On the other hand, as was stated in the case of Pittman v. Pittman, 247 Ala. 458, 25 So.2d 26, 28: "There is no arbitrary rule as to when equity will refuse to intervene because of laches and each case turns much on its own facts. Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534; Bromberg v. First National Bank, 235 Ala. 226, 178 So. 48."

■■ There is nothing in the record from which it can be inferred that appellee condoned or acquiesced in the installation and maintenance of the storage tank and pump or knew that they were being installed in time to prevent it. It was also shown that one of the respondents "saw the complainant and undertook to negotiate with him for a consideration for the removal from the chain of title or deed" the restriction, and complainant declined to do so. By merely maintaining and operating the pump and tank for more than a year, appellants have not so changed their positions or incurred expense as to invoke the equitable doctrine of laches. As expressed by Mr. Pomeroy, "Laches is not mere delay, but such delay that works a disadvantage to another. So long as parties are in the same condition it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when knowing his rights, he takes no steps to enforce them until the condition of the other party has in good faith become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of right." See Pomeroy, Equity Jurisprudence, 28 Am.Jur. Injunctions, section 62, page 259; Pittman v. Pittman, supra.

Assignment of error numbered six raises the point of changed conditions of the community and, as we take it, deals with the garage erection aspect of the case. This assignment of error presents merely a question of fact.

■ In the first place, there is no allegation whatever in the answer to the effect there has been any change, or what kind of change, in the community since appellee restricted the lands in his deed to Hall. In the second place, the evidence discloses only two changes made in the community since 1934, viz., the erection of a home by Mr. and Mrs. Varner Combs at a cost of approximately $7500, and the erection of a home by Mr. and Mrs. T. D. Stanfield at a cost of approximately $6000. True maps and photographs were introduced, but there is no evidence other than that mentioned from which an inference can be drawn as to any changed conditions. In his decree the trial judge said: "The court is of the opinion that no such changed conditions have occurred since the execution of the original deed in this cause, and the court is further of the opinion that the character of the locality has not so changed as to make enforcement of the restriction inequitable, and even where the purpose of the covenant was to protect the grantor from competition in conducting a public garage and filling station." As to which we are compelled to agree. See, Buckalew v. Niehuss, 249 Ala. 585, 32 So. 2d 299.

■ Appellants further insist that the trial court erred in amending the decree

dated August 18, 1949. The amended or modified decree was filed with the register on September 8, 1949. The effective date of the decree is that on which it is filed with the register. The filing of a decree on September 8, 1949, modifying a decree filed on August 18, 1949 was timely. Equity Rule 65, Title 7, Appendix, Code; Title 13, section 119, Code.

We have treated all questions argued in brief of appellants and find no error for reversal.

Affirmed.

BROWN, LAWSON, and SIMPSON, JJ., concur.