48 So.2d 220

**FITZPATRICK et al. v. SHINE.**

3 Div. 562.

Supreme Court of Alabama.

Oct. 19, 1950.

Noble & Fitzpatrick, of Montgomery, for appellants.

Floyd H. Mooneyham, of Montgomery, for appellee.

**SIMPSON, Justice.**

The appeal is from a final decree, based upon the bill as amended, the answer of the defendants, and testimony given *ore tenus* in the presence of the trial court.

Appellants (defendants) assign four errors. The first is that the trial court erred in overruling demurrer to the amended bill.

Briefly, the allegations are as follows: Complainant is a Negro, with very limited education, and now about eighty years of age. In 1900 he acquired the property here involved, consisting of some twenty acres of farm land. He has been in continuous, uninterrupted possession since that time, working the land and regularly assessing it for taxes and paying the taxes thereon. The defendants, H. T. Fitzpatrick and H. T. Fitzpatrick, Jr., are father and son. Complainant had a friendly relationship with the father extending over a number of years. He had no dealings with the son, and knew him but slightly. About the year 1932 complainant had domestic troubles, resulting in his being hailed to court by his wife on a charge of non-support. In view of this situation, and after some conversations with the elder Fitzpatrick, he refused a suggestion of Fitzpatrick that he deed his property to this defendant, but expressed a desire to execute a paper whereby, in event anything happened to him—presumably his being sent to prison or his death—his property would go to his daughters and sister. He requested this defendant to fix such a paper. Defendant told complainant to come to town and he, the elder Fitzpatrick, would take him before a notary. Complainant came and, in the presence of the notary, signed a paper which he had been led to believe was the one he had requested. He did not read the paper, nor was it read to him, but relying upon the defendant he signed it, believing it to be one such as he had requested. Defendant retained the paper. In the year 1948 complainant negotiated to sell his property, and then it was discovered that there was on record a deed from complainant to H. T. Fitzpatrick, Jr., conveying in fee simple the property in question, reciting one dollar and other valuable considerations. The instrument was dated September 26, 1932, and was recorded August 7, 1947. Complainant did not know he had signed a deed to H. T. Fitzpatrick, Jr., and had no intention to do so, and that his signature was procured by the fraud of H. T. Fitzpatrick, the father.

■ The demurrer takes the point that the bill does not allege that defendants made any misrepresentations to complainant; that it is not alleged that any misrepresentations made were false, and that it is not alleged that defendants made any misrepresentations to complainant which induced him to execute the deed. The demurrer, we think, misapprehends the theory of the bill. It is not grounded upon actual misrepresentation leading to the execution of an intended instrument. It is, rather, that defendant, in whom complainant reposed the utmost confidence, was requested to prepare a paper to a specified intent and impliedly consented to do so, but in fact prepared a paper to a wholly different intent, which intent he concealed from complainant, and procured his signature thereto. Such a bill presents a case of actionable fraud, cognizable in a court of equity. Finklea v. Perryman, 239 Ala. 450, 195 So. 551; Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759; Brasher v. First National Bank, 232 Ala. 340, 168 So. 42; Williams v. Williams, 238 Ala. 637, 193 So. 167; Code 1940, Title 7, § 109.

■ General averments of fraud, in effect no more than the conclusions of the

pleader, will not suffice. The bill should aver facts disclosing in what the alleged fraud consists, advising the adversary what he is called upon to defend. We think the bill, above briefly outlined, serves to meet this test. Williams v. Williams, supra.

Appellants insist that the trial court erred in not sustaining objections to certain testimony offered by complainant in the nature of hearsay. But we pretermit a specific treatment of this assignment. The evidence involved could have but slight bearing upon the real issue in the case and, admitted or not, could not have influenced the conclusion reached.

■ It is next insisted that the decree granting relief was in error because the evidence affirmatively shows complainant was guilty of laches. This insistence cannot be sustained. Complainant's evidence shows very clearly that he had no knowledge or notice of the existence of a deed conveying his property to defendant H. T. Fitzpatrick, Jr., until a short time, something like a month, before suit was brought. Without dispute, the deed was not recorded until something like a year previously.

The other assignment raises the question of the sufficiency of the evidence to sustain the decree. This is the real question in the case as presented to us on this appeal, and is one not without difficulty.

The positive and direct evidence on the essential issue is to be found only in the testimony of the complainant on the one hand and that of the defendant H. T. Fitzpatrick, Sr., on the other. The remaining evidence offered by either side is merely adminicular.

Testimony on complainant's part is to the effect that he was under no obligation to Mr. Fitzpatrick; that, though the relations between them were friendly, he at no time agreed or intended to convey his property to Mr. Fitzpatrick; that his sole and only purpose was to have made and to execute some character of paper designed to vest title in his daughters and sister, in the event anything happened to him; that he was not informed and did not know the nature of the paper which he was induced to sign, but, reposing utmost confidence in

the elder Fitzpatrick, believed it to be a paper such as he had requested defendant to prepare. He testified that no consideration moved to him.

The testimony of Mr. Fitzpatrick, Sr., discloses a close and intimate friendship between himself and the complainant, extending over a period of some fifty years. During this period he had frequent contacts with complainant and his first wife, whose joint labor and efforts went into the purchase of the land involved, and looked after their interests in all matters. He lent them counsel and aid in many matters and difficulties affecting them. At a time almost twenty years antecedent to the execution of the deed under attack, the wife unsolicitedly declared to Mr. Fitzpatrick that, since she and complainant had no children, they had decided that the land they owned should go to him. The wife, however, died shortly after this, without having committed to writing the purpose so announced. Thereafter, this defendant and the complainant had conversations with respect to a deed to be made by the complainant, the complainant expressing a willingness and desire to do so. This agreement was due in part to motives of friendship entertained by the complainant toward defendant and in other part to a desire and purpose to keep his property from falling into the hands of his second wife and her children, all of whom had caused him much trouble. The deed as executed was prepared by Mr. Fitzpatrick (who is an accountant, not a lawyer). The fact that H. T. Fitzpatrick, Jr., was named as grantee is explained as the result of a purpose to protect the property from any possible effects of litigation in which Mr. Fitzpatrick was then involved. Delay in recording the deed was said to have been upon the consideration of avoiding possible trouble with complainant's wife and step-children. Defendants rely upon a deed of gift, disclaiming any monetary or equivalent consideration.

■ We have not undertaken to set out more than a bare outline of the evidence; the whole of it has, however, had our careful consideration. As we have indicated, it was given orally by the witnesses in the presence of the trial judge. We are im-

pressed that the evidence in this case is of that character which is peculiarly addressed to the sound judgment and conscience of the trial judge, in whose presence it was so delivered, and who doubtless was acquainted with the parties and their surroundings. We have consistently held to the rule that in such a situation we will not disturb a finding on the facts unless, after allowing all reasonable presumptions in its favor, we are convinced that it is clearly opposed to the weight of the evidence. We find ourselves unable to affirm that there is no basic support in the evidence, or reasonable inferences therefrom, for a conclusion that, whether or not there was a covinous intent on the part of the defendant, complainant was nevertheless ignorant of the true nature of the instrument, due to his confidence in the defendant and failure of the defendant to reveal to him its real purpose and effect. Although the conclusion reached by the trial court may be different from that of this, a court of review, since the question is fairly debatable, we will not substitute our judgment for that of the trier of facts at nisi prius, on whom there rested the primary duty and responsibility of determining the matter. Forest Hill Corp. v. Latter & Blum, 249 Ala. 23, 29 So.2d 298; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89, and many other cases which might be added.

It results that in our judgment the decree appealed from must be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON, and LAWSON, JJ., concur.