68 So.2d 28

GROOVER et al.   v.   DARDEN et al.

5 Div. 554.

Supreme Court of Alabama.

Nov. 5, 1953.

608

R. C. Wallace, La Fayette, and John W. Johnson, Lanett, for appellees.

Hines & Hines and C. S. Moon, La Fayette, for appellants.

LAWSON, Justice.

James Darden, a colored man, a resident of Chambers County, received a deed in 1933 from The Federal Land Bank of New Orleans conveying to him a tract of land situate in that county consisting of approximately 163 acres. The purchase price was $850, of which sum $170 was paid in cash. Darden executed a mortgage back to the bank to secure the remainder of the purchase price. Darden eventually paid the entire purchase price. On March 30, 1951, James Darden and wife, Lula Darden, executed a written instrument, in the form of a warranty deed, wherein it is recited that they conveyed the 163-acre tract of land to E. L. Groover for a consideration of $5 and other valuable consideration.

Within two weeks after the execution of the said written instrument bearing date of March 30, 1951, James Darden and wife advised Mr. Groover that they had not been aware of the fact that the instrument which they had executed on March 30, 1951, was a deed. They sought to get Groover to per-

mit them to execute a mortgage on the said lands to secure the payment of the money which Groover had turned over to them upon the execution of the said instrument and for him to deliver up the deed. Groover refused to accede to the request.

James Darden on April 16, 1951, instituted this proceeding in the circuit court of Chambers County, in equity, against E. L. Groover and wife. By amendment Lula Darden, the wife of James Darden, was made a party complainant.

The pertinent parts of the bill of complaint read as follows:

"2. Your complainant avers that on divers dates since the month of, to-wit, July, 1950, your complainant has borrowed various sums of money from the respondent, Ester L. Groover, which altogether totals the sum of, to-wit, Seven Hundred Eighteen And No/100ths Dollars ($718.00).

"3. Your complainant further avers that on, to-wit, the 21st day of March, 1951, your complainant and wife, Lulu Darden, executed an instrument in writing to either said respondent, Ester L. Groover, Minnie Groover, or both, which he thought to be a mortgage on a part of the premises which is hereinafter described. Your complainant avers that the true nature of said instrument is unknown to him, but he has been informed, believes, and avers as fact, that the said instrument was in fact a deed.

"4. Your complainant further avers that on, to-wit, the 30th day of March, 1951, your complainant and his wife, Lula Darden, executed an instrument in writing on a part of the premises which is hereinafter described to either respondent, Ester L. Groover, Minnie Groover, or both, which he thought to be a mortgage, but your complainant has since learned that the instrument which he executed was actually a deed on all of the premises which are hereinafter described.

"5. Your complainant further alleges that the value of the premises hereinafter described is in excess of the sum of Five Thousand And No/100ths Dollars ($5,000.00).

"6. Your complainant further alleges that both of said deeds were executed through a mutual mistake on the part of complainant James Darden on the one hand, and of respondents Ester L. Groover and/or Minnie Groover on the other hand.

"7. Your complainant further alleges that both of said deeds were executed by your complainant as a result of fraud practiced upon your complainant by the respondents Ester L. Groover and/or Minnie Groover in that said respondent Ester L. Groover and/or Minnie Groover prepared or had prepared both of said deeds, and presented them to your complainant with the representation that they were mortgages upon a part of the premises hereinafter described, and your complainant avers that he acted upon said representation, and signed and delivered said deed to the responent, Ester L. Groover.

"8. Your complainant avers that the premises heretofore mentioned are described as follows, to-wit: (Description.)

"9. Your complainant further alleges that he has contacted through his attorney, respondent Ester L. Groover, and has offered to pay such sum or sums as may be due to the said respondents, but that this offer was refused. Your complainant further avers that he requested, through his attorney, the said respondents to give up the said deeds, and to allow your complainant to execute a mortgage to the respondents in lieu thereof, but that this request was also refused. Your complainant avers that he is still willing to pay such sum or sums as may be due to the respondents, or to execute a mortgage to the respondents to secure such sum or sums as they may be due upon receipt of said deeds."

The prayer for relief is as follows:

"Your complainant prays that this Honorable Court will do the following:

"(a) That the deeds heretofore mentioned be reformed so as to make them mortgages on the premises heretofore described.

"(b) That the respondents be restrained and enjoined by this Honorable Court, both pending the determination of this suit and permanently, from conveying any interest in the premises heretofore mentioned.

"(c) That an accounting be had, and the exact amount that is due to said respondents, or either of them, by your complainant be determined.

"And that your Honors will grant such other, further and different relief as unto your Honors may seem just and proper, and your complainant will ever pray."

Upon the filing of the bill and its presentation to the trial court, an order was entered directing the issuance of a temporary injunction enjoining the respondents from conveying any interest in the real property described in the bill of complaint pending the determination of the suit. Upon the complainants executing the required bond, such an injunction was issued on April 17, 1951.

After the bill was amended in a manner not necessary to relate, the respondents filed their demurrer. A decree was rendered on August 21, 1951, overruling the demurrer and allowing respondents twenty days within which to answer. Not having answered within the time allowed, the respondents filed their motion to allow them to file answer on October 1, 1951, which motion was granted, and on that date the respondents filed their answer to the bill of complaint as amended. The bill of the complainants and the answer of the respondents were both subsequently amended, but it would serve no good purpose to treat here with those amendments.

There was no motion to dissolve or discharge the temporary injunction and we are not concerned here with the action of the trial court in ordering the issuance of the temporary injunction.

The cause came on to be heard on November 14, 1951. Testimony was taken orally before the trial court. On December 7, 1951, the trial court rendered a decree in pertinent parts as follows:

"It, therefore, follows that the court is of the opinion that the complainant is entitled to the relief prayed for in his bill of complaint.

"It is, therefore, ordered, adjudged and decreed by the court that the deed dated March 30, 1951, executed by the complainant, James Darden, and his wife, Lula Darden, to E. L. Groover, and recorded in Deed Book 111, Page 386, Records of Chambers County, Alabama, referred to in the testimony as Respondents' Exhibit A, be and the same is hereby declared to be a mortgage instead of a deed. And it is furthur ordered, adjudged and decreed by the court that said deed mentioned next hereinabove, whether it be a mortgage or a deed, be and the same is hereby declared to be null and void and is hereby set aside and canceled, as fully as if it had never been executed.

"It is further ordered, adjudged and decreed by the court that the complainant, James Darden, is indebted to the respondent, Ester L. Groover, in the principal sum of $693.00, and which sum includes all moneys due in any way by the complainant, James Darden, to the respondent, Ester L. Groover, or to the respondent, Minnie J. Groover, or by whatever name she may be called. And it is further ordered, adjudged and decreed by the court that the complainant, James Darden, pay to the said Ester L. Groover, respondent and the said Minnie J. Groover, alias Mrs. E. L. Groover; alias Minnie Groover, alias Mrs. Minnie Groover, respondent, the sum of $693.00, in thirty days from the date of the filing of this decree in this court, and the payment of which said sum of $693.00 shall be in full payment of all indebtedness due by the complainant to the respondents, and shall satisfy all mortgages either on real or personal property, heretofore executed by the complainant to the respondents. And failing to pay said sum of $693.00, according to the terms

of this decree, and within the term prescribed herein, then, and in that event, it is ordered, adjudged and decreed by the court that the complainant, James Darden, together with his wife, Lula Darden, execute a mortgage to the respondents in the sum of $693.-00, payable one year from the day of the date thereof, and bearing interest at the rate of six (6) per cent per annum from date, and which said mortgage, when so executed, shall be evidence on the entire indebtedness owed by the complainant, James Darden, to the respondents in this cause."

From the decree of December 7, 1951, the respondents below have appealed to this court.

■ Appellants, respondents below, have made nine assignments of error, but we will treat only those which are argued in brief of appellants. Taunton v. Trammell, 254 Ala. 252, 48 So.2d 190; Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509.

The first assignment of error is that the trial court erred in overruling the demurrer of the respondents below.

■ It is provided by statute that rulings of the trial court on interlocutory decrees may be reviewed by this court on appeal from final decree. § 756, Title 7, Code 1940. See Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130.

■ The first assignment of error is sufficient as against the attack that it is too general. Vinson v. Vinson, supra. It is not necessary to make a separate assignment of error as to each ground of demurrer relied upon. Brewer v. Brewer, ante, p. 149, 66 So.2d 450, and cases there cited.

■ But merely assigning as error the action of the trial court in overruling the demurrer does not present for review the question as to whether any or all of the grounds of the demurrer were well taken. It has been said frequently by this court that where the action of the trial court in overruling demurrer to a bill in equity is assigned as error, we treat only those grounds of the demurrer insisted upon in brief as having been well taken. Vinson v. Vinson, supra; Brewer v. Brewer, supra; Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886; Love v. Rennie, 254 Ala. 382, 48 So.2d 458; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107. If it is decided that the grounds of the demurrer which are argued in brief were not well taken, then the action of the trial court in overruling the demurrer is upheld irrespective of the merit of those grounds of demurrer not argued here.

The only grounds of the demurrer to which any reference is made in brief filed here on behalf of appellants are those which take the point that the bill of complaint "fails to aver facts on which said alleged fraud is based, but states mere conclusions of the pleader."

■ It is, of course, well established that where fraud is pleaded, either at law or in equity, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud, without such facts, is subject to apt demurrer properly interposed. Tyler v. Copham, 245 Ala. 151, 16 So.2d 316; Richardson v. Curlee, 229 Ala. 505, 158 So. 189, and cases cited.

The bill of complaint, to say the least of it, in its statements as to the equity or equities upon which complainants rely for relief and in its prayer, is not as clear and complete as good pleading would seem to suggest.

However, we think it can be said that the averments of the bill and the prayer, including the prayer for general relief, show that complainants seek to invoke two separate and distinct grounds of equitable relief, the jurisdiction to declare a deed a mortgage and the jurisdiction to set aside a conveyance of land obtained by fraud.

In this respect the bill in the instant case is similar to that under consideration in Richardson v. Curlee, supra, where it was held, in effect, that the trial court was not justified in sustaining the demurrer although the bill charged fraud only in general terms, since the demurrer was addressed to the bill as a whole rather than to the feature or aspect of the bill seeking

cancellation on the ground of fraud, and there being another feature or aspect of the bill, namely, to declare the deed a mortgage.

■ We have the same situation in the instant case. The demurrer contains eighteen different grounds. It is addressed: "Comes the Respondents, Ester L. Groover and Minnie J. Groover, and demurs to the bill of complaint, as amended, and each and every aspect and paragraph thereof, and for grounds of said demurrer assigns the following separate and several grounds, to-wit." Under repeated decisions of this court the demurrer was addressed to the bill as a whole. First Nat. Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348; Allgood v. Bains, 247 Ala. 669, 26 So. 2d 98; Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507, and cases cited.

■ Since the demurrer was addressed to the bill as a whole, the trial court did not err in overruling the grounds of demurrer here insisted upon even if it be conceded that the averments of the bill as to fraud were but conclusions of the pleader. Richardson v. Curlee, supra.

No other grounds of the demurrer being argued, we hold that the first assignment of error is not well taken.

The only other assignment of error sufficiently argued in brief filed on behalf of appellants is to the effect that the trial court erred in decreeing that the deed of March 30, 1951, be set aside and cancelled because of fraud in its procurement.

In an opinion prepared in connection with the decree, the trial court has stated the issues made by the pleadings and summarized the evidence. Some of the statements contained therein, when considered in connection with the first sentence of the first paragraph of that part of the decree set out above, have a tendency to show that the relief granted complainants below was based on the finding by the trial court that the parties did not intend for the instrument under date of March 30, 1951, to operate as an absolute conveyance, but as a mortgage.

But the other provisions of the decree quoted above appear to us to be entirely inconsistent with the idea that the trial court granted relief to complainants on a finding that a mortgage was intended.

In the second sentence of the first paragraph of the decree as quoted above, it is said: "And it is further ordered, adjudged and decreed by the court that said deed mentioned next hereinabove, whether it be a mortgage or a deed, be and the same is hereby declared to be null and void and is hereby set aside and canceled, as fully as if it had never been executed."

The language quoted last above indicates to us that the trial court concluded from the facts that the instrument of March 30, 1951, was executed by complainants below as a result of fraud and unfair advantage. Such language refutes the idea that the trial court granted relief on a finding that the said instrument was intended to be a mortgage because, in that event, the instrument would not be cancelled but would merely be declared a mortgage and the grantor given the right to redeem.

We conclude, therefore, that the decree appealed from should be considered as cancelling and setting aside the deed of March 30, 1951, on the ground that its execution was procured through fraud and undue advantage.

■ A conveyance of land obtained for a grossly inadequate consideration by unfair advantage taken of great mental weakness, though not amounting to absolute incapacity of the grantor, will in equity be set aside on equitable terms when application therefor is made seasonably by the grantor, his representatives or heirs. Walling v. Thomas, 133 Ala. 426, 31 So. 982. Gross inadequacy of consideration, when coupled with other facts strongly tending to show fraud or undue advantage, is a suspicious circumstance. Burke v. Taylor, 94 Ala. 530, 10 So. 129.

Unquestionably, application to set aside the deed of March 30, 1951, has been seasonably made by the grantors therein. As before pointed out, this proceeding was instituted on April 16, 1951.

The evidence clearly shows that the consideration was grossly inadequate. Groover paid to the grantors, James and Lula Darden, the sum of $500 upon the execution of the deed. A number of white men testifying on behalf of complainants fixed the value of the land at not less than $4,000 and several of them fixed its value at as much as $5,000. The respondents did not even attempt to controvert this evidence as to value.

It would serve no useful purpose to set out in detail the evidence as it bears on the question of fraud and undue advantage. The evidence clearly supports the conclusion that a confidential relationship existed between the grantors and the grantee and that the grantors looked upon the grantee, Groover, as their friend and had implicit confidence and trust in him. The evidence also supports a finding that Groover in securing the execution of the instrument of March 30, 1951, took advantage of these more or less ignorant Negroes. James Darden was approximately seventy-eight years of age at the time the deed was executed. He was in bad health, having recently suffered a stroke. He was in dire need of the sum of $500 on the day the deed was executed.

We think the evidence shows that the Dardens requested Groover to have a mortgage prepared for their execution and that he at least impliedly agreed to do so. Instead he had a deed prepared, which fact he concealed from the Dardens, but represented to them that the paper which he presented for their signature was a mortgage. Having the utmost confidence in Groover, the complainants acted on such representation and signed and delivered the instrument, which was in fact an absolute conveyance. These facts make out a case of actionable fraud. In Fitzpatrick v. Shine, 254 Ala. 323, 325, 48 So.2d 220, 221, where there were no averments of actual misrepresentation as to the character of the instrument, we said:

"* * * The demurrer, we think, misapprehends the theory of the bill. It is not grounded upon actual misrepresentation leading to the execution of an intended instrument. It is, rather, that defendant, in whom complainant reposed the utmost confidence, was requested to prepare a paper to a specified intent and impliedly consented to do so, but in fact prepared a paper to a wholly different intent, which intent he concealed from complainant, and procured his signature thereto. Such a bill presents a case of actionable fraud, cognizable in a court of equity. * *"

The facts of the instant case make out a much stronger case than do the averments of the bill under consideration in Fitzpatrick v. Shine, supra. In Kirby v. Arnold, 191 Ala. 263, 68 So. 17, 20 this court observed: "To protect the weak and ignorant from imposition by the strong and intelligent is the exercise of a high-minded honesty and 'the crowning glory of courts of equity.'"

We hold, therefore, that complainants below were entitled to a decree cancelling and rescinding the deed of March 30, 1951.

But under the facts of this case, where the complainants received the sum of $500 from respondents upon the execution of the deed and respondents received no benefits from the property, the cancellation of the deed should have been conditioned upon the return of the consideration. Sumners v. Jordan, 220 Ala. 402, 125 So. 642, and cases cited. For, while courts of equity have undoubted jurisdiction to direct and enforce the rescission of contracts, and the surrender and cancellation of written instruments for fraud, they have always exercised this jurisdiction only upon equitable principles. Woodlawn Theatre Co. v. Continental Securities Corp., 237 Ala. 88, 185 So. 763. See Stone v. Walker, 201 Ala. 130, 77 So. 554, L.R.A.1918C, 839.

The decree of cancellation in this case is not conditioned upon the return of the consideration, although the trial court decreed that the complainant James Darden is indebted to respondents in the sum of $693, which sum the said James Darden is ordered to pay the respondents within thirty days from the date of the filing of the de-

614

cree, and failing to pay said sum of $693 the complainants are ordered to execute a mortgage to respondents in the sum of $693 payable one year from the date of the mortgage.

As pointed out above, the decree of cancellation negatives any idea that the instrument of March 30, 1951, is to be treated as a mortgage. And we know of no authority of a court of equity to require the respondents to accept a mortgage in lieu of the return of the consideration paid upon the execution of the said instrument. The court cannot make a new contract for the parties. Birmingham Lot Co. v. Taylor, 182 Ala. 239, 62 So. 521.

The effect of the decree, as we understand it, is to cancel the instrument of March 30, 1951, and to leave the respondents in the position of having to accept a mortgage on the land in the event the complainants do not see fit to return the consideration within the time prescribed in the decree.

Complainants received only $500 upon the execution of the instrument of March 30, 1951. The additional sum of $193 which they are ordered to pay represents the amount of money which the trial court found from the evidence that complainants owed respondents prior to the transaction of March 30, 1951. We do not think complainants should be required to pay the said sum of $193 in connection with the cancellation of the instrument of March 30, 1951, inasmuch as that sum is due as a result of separate and distinct transactions.

For the reasons above indicated, the decree of the trial court is reversed and the cause is remanded to that court for the entering of a decree cancelling the instrument of March 30, 1951, upon condition that complainants below pay to respondents below, within such time as the trial court may deem reasonable, the sum of $500, the amount which the complainants received from the respondents upon the execution of the said instrument.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.