92 So.2d 30

### Jack HUTTO

v.

### W. V. COPELAND.

4 Div. 892.

Supreme Court of Alabama.

Jan. 17, 1957.

Johnson & Randall, Oneonta, and Geo. S. Barnard, Ozark, for appellee.

Brown & Steagall, Ozark, for appellant.

LAWSON, Justice.

This is an appeal from an interlocutory decree of the circuit court of Dale County, in equity.

J. L. Weed on October 1, 1951, executed a deed wherein he conveyed to his wife, Ora L. Weed, approximately 210 acres of land situate in Dale County, which land we will refer to hereafter as the suit property. The deed recited a consideration of "One Hundred Dollars and other good and valuable consideration to me in hand paid." The deed contains this further provision: "It is agreed and understood that as a consideration for the conveyance the grantee is to and does hereby assume that certain mortgage indebtedness outstanding

against the above described lands in favor of the Farmers & Merchants Bank of Ariton, Alabama in the sum of $5,000.00." The mortgage to the Farmers & Merchants Bank of Ariton, Alabama, was executed on December 9, 1950, and duly filed for record on December 11, 1950. We will sometimes hereafter refer to that mortgage simply as the Bank mortgage and to the mortgagee as the Bank.

On May 21, 1953, the Hartford Accident and Indemnity Company, a corporation, sometimes referred to hereafter as Hartford, filed its bill in the circuit court of Dale County, in equity, against J. L. and Ora L. Weed, for the purposes, among others, of having the court declare the deed of October 1, 1951, from J. L. Weed to Ora L. Weed to be void and of no effect and to order the sale of the suit property for the purpose of paying such indebtedness as the court finds to be due complainant by the respondent, J. L. Weed, the sale to be subject to the Bank mortgage. There is no reason to encumber this opinion with the averments of the bill upon which Hartford based its right to such relief.

On August 21, 1953, W. V. Copeland filed a petition for permission to intervene in the suit filed by Hartford against the Weeds. The trial court entered an order on September 16, 1953, granting permission to Copeland to intervene as prayed. This action of the court seems to have antedated any action on any pleading which either of the Weeds might have interposed to the Hartford suit.

Acting in accordance with the permission previously granted, Copeland on July 3, 1954, filed an instrument referred to by all of the parties and by the trial court as a cross bill against J. L. Weed, Ora L. Weed, Hartford, the Bank and against J. Douglas Brown and Henry B. Steagall, II, the attorneys who filed the original bill on behalf of Hartford.

At this point it is sufficient to say of the so-called cross bill that its purpose is to have the trial court decree: That J. L. Weed is justly indebted to Copeland; that Copeland has a lien on the suit property "which is superior to the alleged liens, mortgage or claim of any respondent to this Cross Bill," that the deed from J. L. Weed to Ora L. Weed "is void and of no effect as a fraud on the rights of this Cross-Complainant and that said deed be set aside and held for naught"; that the suit property "be sold by the Register of this Court for the purpose of satisfying Cross-Complainant's said debts or liens on said lands."

J. Douglas Brown was made a party respondent to the cross bill on the theory that he claims some interest in or to the suit property by transfer or assignment from the Bank. Copeland averred, in substance, that when Brown took the assignment of the Bank mortgage from the Bank he knew that Copeland had a "mortgage or lien" which was superior to "the alleged mortgage or lien" of the Bank. We are not here concerned with the averments of the cross bill as to the respondent Steagall.

On August 14, 1954, the cross-respondents filed a joint demurrer addressed to the cross bill as a whole. Shortly thereafter the cross bill was amended, but we need not make reference here to the nature of the amendment. The demurrer of the cross-respondents was refiled to the cross bill as amended. On September 28, 1954, the demurrer to the cross bill as amended was overruled. No appeal being taken from that decree, the cross-respondents filed their answer. Sometime after the answer was filed Copeland, the cross-complainant, propounded interrogatories to the respondent J. Douglas Brown, the answers to which revealed among other things that Brown "purchased" the Bank mortgage from the Bank for $3,145.60 and that he thereafter transferred or assigned that mortgage and the debt secured thereby to one Jack Hutto of Ariton, Alabama, for $6,145. The interrogatories did not request and the answers did not reveal the date of those transactions.

Thereafter on February 1, 1956, Copeland amended his cross bill as already amended by making Jack Hutto a party respondent and by adding to the averments of the amended cross bill sections numbered I, II, III and IV and by amending the prayer. On February 27, 1956, Hutto filed his demurrer to the "amended cross-bill," which demurrer was overruled by the trial court on June 13, 1956. From that decree Hutto has appealed to this court.

There are two assignments of error, both of which are to the effect that the trial court erred in overruling the demurrer of Hutto, the appellant here. These assignments are sufficient as against an attack that they are too general. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509. It is not necessary to make a separate assignment of error as to each ground of demurrer relied upon. Brewer v. Brewer, 259 Ala. 149, 66 So.2d 450, and cases there cited. But under such assignments we treat only those grounds of the demurrer insisted upon in brief of appellant as having been well taken. Groover v. Darden, 259 Ala. 607, 68 So.2d 28, and cases cited.

The demurrer interposed by Hutto contains seven grounds. It is addressed: "Comes now Jack Hutto, by his solicitors, and demurs to the amended cross-bill heretofore filed in this cause by W. V. Copeland, cross complainant, and each paragraph thereof separately and severally, and as grounds for such demurrer says as follows:" Under repeated decisions of this court the demurrer was addressed to the amended cross bill as a whole. Groover v. Darden, supra, and cases cited; Stone Container Corp. v. Stapler, 263 Ala. 524, 83 So.2d 283.

A demurrant in equity cannot object to imperfections in the bill not related to the cause of action asserted against him. Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781. No relief is sought against Hutto in regard to the deed from J. L. Weed to Ora L. Weed, hence he is not properly concerned with the allegations of the amended cross bill which are designed to have that conveyance declared to be void and of no effect.

As far as appellant is concerned he is a party respondent to the amended cross bill solely because it has been made to appear that he has become the purchaser or assignee of the Bank mortgage. The averments of the amended bill which relate to the appellant Hutto are in pertinent part as follows:

"II. The cross complainant further avers that that certain mortgage executed by J. L. Weed and wife, Ora L. Weed, to Farmers and Merchants Bank, Ariton, Alabama, by said J. L. Weed and Ora L. Weed on the 9th day of December, 1950, for $5,000.00, recorded in Mortgage Record 183, page 417, Probate Office of Dale County, Alabama, has been transferred or assigned to the said respondent, Jack Hutto, and that no other person or party has any interest or claim in the ownership of said mortgage and the alleged indebtedness mentioned therein except the said Jack Hutto. This cross complainant avers that, in fact, the said mortgage by the said J. L. Weed was paid before the filing of this amendment; that if mistaken in this, then cross complainant avers that the said Jack Hutto paid no consideration for the alleged transfer or assignment of said mortgage to him and same is void as against this cross complainant; that if mistaken in this, then cross complainant avers that the alleged transfer to the said Jack Hutto was fraudulent and void and made in order that said mortgage would still appear of record as an alleged lien on the lands in suit superior to the claims of this cross complainant after it was paid; and that the said Jack Hutto participated in said transfer or assignment with notice or knowledge that said mortgage was transferred or assigned to him for said purpose; that if mistaken in this, then he avers that the said J. L. Weed furnished the

486

money to the [said] Jack Hutto to pay the said Farmers and Merchants Bank, Ariton, Alabama, or to its transferee or assignee to hold in trust for the said J. L. Weed so as to allow said mortgage to still appear of record and keep the said property in suit from being liable to cross complainant's claims thereto as set out in his original cross bill in this case."

In brief of appellant it is said: "We next submit that the allegations as to fraud in the transfer of the mortgage to appellant are insufficient as against the demurrers pointing out that the amended cross-bill is vague, indefinite and uncertain." There is an allegation of fraud which we may assume arguendo would not be sufficient as against a demurrer specifically pointing out the defect. But a general demurrer for want of equity or that the bill is vague, indefinite and uncertain does not specifically point out that defect. Summers v. Summers, 218 Ala. 420, 118 So. 912, and cases cited.

The only other grounds of the demurrer which are mentioned in brief of appellant are to the effect that no facts are alleged in the complaint to establish that Jack Hutto, the appellant, "is not a bona fide innocent holder of the mortgage and debt in question." Assuming that such grounds of demurrer would be good in the absence of such averments, we think it sufficient to say that the part of the bill as amended which we quoted above contains allegations to the effect that Hutto participated in the transfer or assignment of the Bank mortgage with notice or knowledge that it was being transferred to him so that it would still appear of record as an alleged lien on the suit property superior to the claims of the cross-complainant although the mortgage debt was paid. We feel that such averments certainly are sufficient to show that Hutto was "not a bona fide innocent holder of the mortgage and debt in question."

Finding no merit in any of the grounds of the demurrer which are referred to in brief of appellant, we are constrained to affirm the decree of the trial court. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.